Atwater *v.* Butler.

ELIZABETH ATWATER *v.* W. E. BUTLER, Sr., *et al.*, and
ANNIE MCKINLAY *v.* CHRISTIAN KUNTZ.

1. DOWER. *Homestead. Deed of trust. Mortgage. Power of married woman to alienate.* In construing a deed of trust by a husband and wife, containing the following clause : "We hereby release and relinquish all right, claim, and interest whatever, in and to said lot of ground, which is given by or results from all laws of this State, pertaining to the exemption of homestead or dower," the court say : " Although we have no special statutes authorizing a *feme covert* to release her inchoate right of dower, yet we think she may convey or release this right under the same principle that our laws allow her to convey any other interest she may have in lands." The above language we hold to be sufficient.

 Cases cited : Combs *v.* Young, 4 Yer., 218; Rutherford *v.* Read, 6 Hum., 423; Tarpley *v.* Gannaway, 2 Col., 246; Boyce *v.* Boyce & Bradley, 1 Col., 12.

 Code cited: Sec. 2399.

2. SAME. *Same.* The court hold the following clause in a similar deed to merely convey the homestead interest, leaving the dower right unaffected : "And in the event of sale we waive all equity of redemption and re-purchase and homestead in said property."

---

FROM MADISON.

---

Appeal from the Chancery Court. H. W. MC-CORRY, Chancellor.

R. W. HAYNES for complainant.

C. G. BOND for defendant.

McFarland, J., delivered the opinion of the court.

Complainant charges that her husband, Griffin Atwater, was in his lifetime the owner of a certain house and lot which constituted their homestead; that they executed a deed of trust conveying the property to a trustee to secure a debt owing by the husband to the defendant, Butler; that she joined in the deed, which contains this clause, to-wit: "We hereby release and relinquish all right, claim and interest whatever, in and to said lot of ground which is given by or results from all laws of this State pertaining to the exemption of homestead or dower." Griffin Atwater died before this deed of trust was foreclosed. The bill prays to have the trustee enjoined from selling so as to affect complainant's right of dower, with a prayer to have dower assigned. It is argued with much ingenuity that a married woman cannot release or convey her right to dower under our law. The argument is, that under our statutes the right to dower does not accrue until the death of the husband; that before the death of the husband, the wife has no right or interest in the land, and that a married woman cannot bar or estop herself by her deed as to future rights, but can only convey in the mode prescribed by the statute, such present right or interest in the land as she may own. It cannot be seriously denied, that where the right of dower exists as at common law, the wife may release her right by joining in the conveyance of the husband for that purpose. By the

Atwater v. Butler.

common law the wife was entitled to dower in a third of all the land of which the husband was seized at any time during the coverture. Her right related to the marriage which was a valuable consideration, and her claim was, therefore, superior to the purchaser from the husband after the marriage, and also superior to the claims of creditors. By our act of 1784, this common law right of the wife was changed; her right to dower was restricted to lands of which the husband died seized. The question then arose, whether the widow's right to dower after this statute, was or was not superior to the claims of creditors. If her right only accrued upon the death of the husband and she took her interest from him as the heir took his title, it was argued that she must take subject to the claims of creditors, precisely as the heir takes. It was held, however, in *Combs* v. *Young*, 4 Yer., 218, that the widow's claim was still superior to the claims of creditors, notwithstanding the act of 1784. This decision was placed upon the ground that the widow's right in reference to lands of which the husband dies seized, stands upon the same footing it did previous to the act of 1784; that is, her right related to the marriage, and she is a purchaser for a valuable consideration. The change effected by the act of 1784 was, that the right of dower is defeated either by the absolute conveyance of the husband, or by any means which divests the husband's title absolutely. The purchaser from the husband has a superior right to the widow; but if the husband die seized of the land, the widow's right is not regarded as accruing at that time, but

relates to the marriage. The case of *Combs* v. *Young*, was recognized and approved in *Rutherford* v. *Read*, 6 Hum., 423, where it was held the claim of dower was superior to the claim of a creditor who had secured a specific lien by levy of an execution in the lifetime of the debtor. It was held that this was not changed by the act of 1856, Code, sec. 2399. See *Tarpley* v. *Gannaway*, 2 Col., 246.

This act of 1856, which gives dower in lands mortgaged, where the mortgager dies before foreclosure, is simply a partial return to the common law; that is to say, previous to this act, the right of dower might be defeated by the deed of the husband, but after this latter act was passed, the right would not be defeated by the deed of the husband conveying the land to secure debts, unless the deed was foreclosed and the land sold before the husband's death. Dower might still be defeated, however, by the absolute conveyance of the husband. That the dower right still rests upon the common law principle, with the modification we have stated, is fully recognized in *Boyce* v. *Boyce & Bradley*, 1 Col., 12, where it was held that a widow was not entitled, under the act of 1856, to dower in lands mortgaged by the husband before the marriage, although he died before foreclosure, upon the ground that the wife's inchoate right attaches upon the marriage, and as the land had been conveyed before the marriage her right did not attach, although her claim was directly within the letter of the statute. Although the act of 1856, above referred to, gave dower to the widow, where the lands were mortgaged

to secure debts and the debtor died before foreclosure, still this right would be defeated by the subsequent absolute alienation by the husband, as we have held. These authorities fully establish that, that during the coverture the wife has the inchoate right of dower as at common law; and as it cannot be seriously denied that she could convey or release her right of dower, when that right exists as at common law, we think it equally clear that she may release or convey the right, notwithstanding the changes of the common law made by our statutes. Although we have no special statutes authorizing a *feme covert* to release her inchoate right of dower, yet we think she may convey or release this right under the same principle that our laws allow her to convey any other interest she may own in lands. It is true that her conveyance or release can only be important in cases of mortgages or deeds of trust; as in cases of absolute conveyances her assent or joining in the deed is not necessary. We have examined the authorities referred to, but we think the conclusion we have arrived at is correct. The decree of the chancellor will be affirmed.

The case of *Annie McKinlay* v. *Christian Kuntz*, trustee, is in all respects similar, except that the deed contains no express release of dower. It is a conveyance to secure debts; it purports to be the deed of the husband and wife, and uses the usual words of a conveyance by both, with covenants of warranty. After giving to the trustee the power of sale, the deed adds: "And in the event of sale we waive all

equity of redemption and repurchase and homestead in said property;" but the deed contains no express release of dower. It is made absolutely essential under our constitution and statutes, that the wife shall join in the deed to bar her right of homestead; and where she joins for that purpose only, we do not think her rights of dower will be lost, as in cases of mortgages and deeds of trust where the husband dies before foreclosure and sale. In the present case, it is true words are used which seem sufficient to convey any interest the wife might have had in the land, still we think the purpose only was to release the right of homestead, as this is expressly specified. Mr. Bishop says it is commonly held that the deed must contain apt words signifying a release of dower; that, for instance, it is not sufficient for the wife to join the husband in the general covenants of the deed. See Bishop on the Rights of Married Women, sec. 449.

We hold that the complainant in this case did not release her right of dower by her deed, and the decree of the chancellor will be reversed, etc.