KENNETH McINTURFF, Appellant,

*v.*

D. C. PETERSON, et al., Appellees.

462 S.W.2d 489.

(*Knoxville,* September Term, 1970.)

Opinion filed January 4, 1971.

LODGE EVANS and ROY C. NELSON, Elizabethton, for appellant.

DENNIS ERWIN and HARRY W. LAWRENCE, Erwin, for appellees.

Mr. Special Justice Jenkins delivered the opinion of the Court.

This is an action brought by Kenneth McInturff, hereinafter referred to as the plaintiff, to recover damages from his employer and its agents on the grounds that he was wrongfully discharged from his employment; that the defendants libeled and slandered him and caused him to be falsely imprisoned.

To the plaintiff's declaration, the defendants filed a motion to strike. Thereafter, plaintiff amended his declaration and to this amended declaration the defendants filed a plea in abatement. Plaintiff moved to strike defendants' plea in abatement and then demurred thereto. The trial court sustained defendants' plea in abatement and dismissed the suit. It is from this order that the plaintiff has appealed to this Court.

Prior to May 23, 1967, plaintiff was employed as a carman by the defendant Clinchfield Railroad. As a member of the Brotherhood of Railway Carmen of America the plaintiff was subject to the terms of a collective bargaining agreement which had been entered into between the Clinchfield and the Union. The labor contract provided in part:

"Rule 19. Should an employee subject to this Agreement believe he has been unjustly dealt with * * * the case shall be taken to the Foreman. * * *

"Should the highest designated railroad official, or his duly authorized representative and the duly authorized representative of the employees, fail to agree, the case shall then be handled in accordance with the Railway Labor Act."

The Railway Labor Act, as contained in 45 U.S.C. Sec. 153, provides in part:

"(i) The disputes between an employee * * * and a carrier or carriers growing out of grievances * * * shall be handled in the usual manner up to and including the chief operating officer of the carrier designated to handle such disputes; but, failing to reach an adjustment in this manner, the disputes may be re-

ferred by petition of the parties or by either party to the appropriate division of the Adjustment Board * * *.

"(m) The awards (of the Adjustment Board) shall be final and binding upon both parties to the dispute, except insofar as they shall contain a money award."

On May 23, 1967, plaintiff was discharged from his employment. The reason given by defendant was that as the result of an investigation it had been determined that plaintiff had taken Clinchfield property in violation of company rules.

On September 22, 1967, the plaintiff filed his declaration in the instant suit, seeking to recover from the defendants damages in the amount of $200,000.00 upon the following grounds: (1) that plaintiff was wrongfully discharged from his employment with the Clinchfield Railroad; (2) that defendants falsely accused plaintiff of stealing company property and thereby libeled and slandered him; and (3) that defendants caused plaintiff to be falsely arrested and imprisoned.

On December 22, 1967, plaintiff filed his amended declaration. Defendants moved to strike the declaration as amended, insisting that it was bad for duplicity, repugnance, unnecessarily prolix and irrelevant in violation of T.C.A. Sec. 20-705. The motion to strike was overruled.

On September 10, 1968, the defendants filed a plea in abatement, alleging that this action could not be maintained because the plaintiff was simultaneously attempting to pursue his remedy before the Railroad Adjustment Board in accordance with the requirements of the collec-

tive bargaining agreement and the Railway Labor Act. The plaintiff moved to strike the plea in abatement, averring that it came too late and did not state any matter precluding plaintiff from maintaining his cause of action. This motion was overruled. Thereafter, the plaintiff demurred to defendants' plea in abatement; and the demurrer was overruled.

After the trial court had announced its determination to sustain defendants' plea in abatement and dismiss the suit, but before the entry of the order, plaintiff filed a motion requesting permission to withdraw his demurrer to the plea in abatement and file a replication, showing that he had exhausted his administrative remedies. The trial court overruled plaintiff's motion to withdraw his demurrer, sustained defendants' plea in abatement and dismissed the action, holding that plaintiff's submission to the Railroad Adjustment Board of his grievance as to the validity of his discharge precluded him from seeking damages in this action, and that the alleged deficiencies in the procedure leading up to the discharge were not separately actionable. From this determination the plaintiff has appealed.

The plaintiff has made nine assignments of error. The first four are concerned with the trial judge's overruling the plaintiff's motion to strike defendants' plea in abatement. The plaintiff contends that his motion should have been sustained for the following reasons: (1) the defendants' plea was too indefinite, being made "upon advice;" (2) the plea stated no ground which would abate plaintiff's suit; and (3) the plea in abatement came too late, being preceded by a motion to strike the plaintiff's amended declaration and by two general continuances.

710

■ As concerns the above assignments of error, we are of the opinion that the defendants' plea in abatement did come too late. To have been properly filed, it should have preceded the defendants' motion to strike. Such motion to strike, as was filed by the defendants, attacked the merits of the declaration and, therefore, constituted a general appearance by the defendants. Clearly, a plea in abatement cannot be properly filed after the defendant enters a general appearance. *Hudson v. Conway* (1882), 77 Tenn. 410. The procedural appellations of the pleadings presented are insignificant to this Court. The "plea in abatement" is actually a "plea in Bar."

This Court and State has moved into the era where substance rather than form is the determinative factor. Therefore, our aims shall be the search for substantial justice rather than procedural dexterity. Accordingly, we take no notice of dates and terms of court insofar as our decision is concerned.

The defendant has exhausted his administrative remedies under his contract of employment as shown by the pleadings. This has been done by applicable Tennessee law.

■ The plaintiff's rights contained in Count I may have been resolved by administrative procedure; however, his rights, if any, in regard to libel, slander and false imprisonment cannot have and will not be considered as having been resolved by the administrative action of the National Railroad Adjustment Board and the "plea in abatement."

The Federal incursion into the common law rights of the plaintiff cannot be overlooked and dismissed as all inclusive. If this were accepted as determinative, the

powers of the State would be emasculated—this we do not accept. The statutes enacted by the Congress of the United States cannot, except by direct reference, be construed as delimiting the common law rights of the plaintiff. His rights, insofar as the improper discharge from his employment are concerned, have been adjudicated. His common law rights affording him protection from libel, slander, false imprisonment and the like cannot and will not be limited by this Court except by express congressional fiat. No administrative action will serve as a shield from the invasion of these rights by any person or corporation relying upon the action of an administrative Board.

Accordingly, this cause is remanded to the Trial Court with instructions that the defendants plead to those counts of the declaration indicated.

Affirmed in part and remanded with instructions.

DYER, CHIEF JUSTICE, and CRESON, HUMPHREYS and McCANLESS, JUSTICES, concur.