## WELCKER *v.* STAPLES.

### (*Knoxville.*    October 17, 1889.)

1. WRIT OF ERROR.    *Effect of reversal upon purchaser's rights.*

   Where the purchaser at judicial sale was either party *or privy* to the cause in which the sale was ordered, his title is defeated by reversal of that cause upon writ of error sued out after the sale had been perfected. *Aliter* as to a stranger to the cause.

   Code construed: § 3906 (M. & V.); § 3186 (T. & S.).

2. SAME.    *Same.    Assignor privy to assignee's suit.*

   The maker of a general assignment for benefit of creditors is so far privy to a suit brought by his assignee to recover assets, that his purchase at a sale made in such suit is defeated by reversal upon writ of error subsequently sued out.

3. STATUTE OF LIMITATIONS.    *Effect of joint or mixed possession.*

   Joint possession of land by husband and wife and their children—the legal title being in the wife and children—inures to benefit of those holding the legal title; so that seven years' adverse possession will defeat any suit by the husband's creditors to reach the land, as having been conveyed in fraud of their rights.

   (See Ramsey *v.* Quillen, 5 Lea, 184; McBee *v.* Bearden, 7 Lea, 731.)

---

### FROM ROANE.

---

Writ of error to Chancery Court of Roane County. H. R. GIBSON, Ch.

Bill by a creditor against his debtor and alleged fraudulent grantees to set aside a fraudulent conveyance of land.

The bill was filed December 21, 1887. The deed attacked was executed March 5, 1877, and registered March 9, 1877.

It conveyed, upon a recited consideration of $3,000, certain lands from defendant, Thos. Staples, complainant's debtor, to his co-defendants, named as his wife and children. The entire family resided upon and claimed the land under said deed for more than ten years before this suit was instituted.

Complainant's debt originated in 1874, and was reduced to judgment in 1878.

The deed was set aside as fraudulent, and the land sold for complainant's debt under decree of the Chancery Court. Joseph Mueke, who was not a party to the cause, became the purchaser at that sale. He was a member of the firm of Joseph Mueke & Son, who had made a general assignment to complainant for benefit of their creditors, including as an asset the debt sued for. After the sale had been perfected, the defendants prosecuted writ of error to reverse the Chancellor's decree.

WELCKER & McNUTT for Welcker.

G. W. HENDERSON for Staples.

TURNEY, C. J. Joseph Mueke & Son being in-

Welcker *v.* Staples.

debted, for the benefit of creditors made a general assignment to Complainant Welcker, in trust.

Thomas Staples, who was indebted to Mueke & Son, by judgment, in the sum of about $104, conveyed his land to his wife and children for a recited consideration, part of which was paid.

The assignee filed this bill, attacking said conveyance for fraud. The Chancellor decreed for complainant, the land was sold, and purchased by Mueke, the senior member of the firm. The case is before us on writ of error.

It clearly appears that for more than seven years prior to the filing of the bill the vendees were in the actual possession of the land, claiming it as theirs. The fact that the husband and father lived with them makes no difference, as the possession is presumed to be with the legal title.

Mueke, the purchaser, while not a party by name, is a privy to this suit. If complainant, his assignee, succeeds, a debt is paid to him which is to be applied to the claims of his creditors, and for his benefit. He will have an interest in any surplus remaining of his assigned estate, after the payment of his debts; therefore, his title will fail on reversal upon a writ of error.

Decree reversed and bill dismissed with costs.