J. P. Sipes *et al.,* Complainants, Appellees, *v.* H. C. Sanders *et al.,* Defendants, Appellants.

(*Jackson,* April Term, 1931.)

Opinion filed June 11, 1931.

Wood & Brooks, for complainants, appellees.

Ross & Ballew and J. C. Houston, for defendants, appellants.

Mr. Chief Justice Green delivered the opinion of the Court.

This is an ejectment suit. One link in the complainants' chain of title is a sheriff's deed set out in the bill. This deed was attacked as insufficient by demurrer. The chancellor overruled the demurrer and permitted an appeal. The chief criticism of the sheriff's deed is the contention that it fails to show an execution issued and a levy made on the land conveyed.

It has been declared in a number of decisions of this court that the deed of a sheriff, to be valid, must show a proper judgment, execution, levy and sale. *Byers* v. *Wheatley*, 62 Tenn. (3 Baxt.), 160; *Harlan* v. *Harlan*, 82 Tenn. (14 Lea), 107; *Hyder* v. *Butler*, 103 Tenn., 289; *Morgan* v. *Hannah*, 30 Tenn. (11 Humph.), 122; *Lemons* v. *Wilson*, 65 Tenn. (6 Baxt.), 143.

In the first three of the cases cited the test was applied to sheriffs' deeds under consideration. In *Byers* v. *Wheatley* the deed held bad. In *Harlan* v. *Harlan* and in *Hyder* v. *Butler* the deeds were held good.

In *Morgan* v. *Hannah* the test stated was approved but the deed was held void because made to a person other than the purchaser at the execution sale without any showing of authority from the purchaser. Likewise in *Lemons* v. *Wilson* the test was approved but the deed was held bad because of a discrepancy between the deed and recitals of record.

The foregoing rule merely amounts to this, that the deed of a sheriff must, on its face, show the authority of that official to make such conveyance, tracing the authority back to a judgment or order of court. The deed herein is as follows:

"Agreeable to an Order of Sale directed to me from the Hon. Circuit Court of McNairy County in the cause of W. J. Sipes v. J. F. & R. W. Luttrell, coming to my hands on the 24th day of March, 1887, and after advertising and giving notice as the law directs, I proceeded, as Sheriff of said County, to sell the reversionary interest of R. W. Luttrell in and to the following tract of land, to-wit: A one-fourth (1/4) undivided interest in a tract of land lying and being in the 7th Civil District of McNairy County, Tennessee, Bounded on the North by B. L. Sanders, on the South by the heirs of Mary Jane

Sanders, on the East by Horner and the heirs of Mary Jane Sanders, on the West by McLuttrell, containing one hundred & fifty acres, more or less. And after having advertised 30 days of the time & place of sale, according to law, and having given the Deft. R. W. Luttrell due notice, I offered the 1/4 undivided int. of said deft. R. W. Luttrell for public sale on the 23rd day of April, 1887, at the court house door in the Town of Purdy, agreeably to said advertisement and notice, and W. J. Sipes being the highest and best bidder the same was struck off to him at the price of $116.55. Therefore, in consideration of the premises, I hereby transfer and convey to the said W. J. Sipes and his heirs and assigns forever all of the right, title and interest the said R. W. Luttrell has in & to said tract of one hundred & fifty acres for the said consideration of $116.55 to me paid, to have and to hold the same to the said W. J. Sipes his heirs &c. in as full & ample manner as I as Shff can or ought to convey, but no further or otherwise.

"In witness whereof I set my hand & seal Feby 22, 1888.

"W. M. Brown, Shff."

This instrument was duly acknowledged and recorded.

█ The language of the deed is: "Agreeable to an Order of Sale directed to me from the Hon. Circuit Court of McNairy County in the cause of W. J. Sipes v. J. F. & R. W. Luttrell, coming to my hands on the 24th day of March, 1887," etc., etc.

This shows a judgment, or order of sale, and it shows that said order of sale was "directed" to the sheriff. This could mean nothing except that there was a judgment and that the writ of *venditioni exponas* issued. That writ is nothing but a direction of the court to the sheriff to make the sale as ordered. The deed duly re-

cites a sale after advertisement and notice, as the law directs. So that we have in this deed apt reference to judgment, execution and sale.

In *Byers* v. *Wheatley,* in *Harlan* v. *Harlan,* and in *Hyder* v. *Butler,* there was a money judgment and the writ of *fieri facias* issued in each case. To authorize a sale of particular property under that writ, a levy must be made on such property and that property brought into the custody of the law. A levy is essential to sale and conveyance under this process and must be set out in the deed of the sheriff by way of exemplifying his authority.

In the case before us, however, the sale and deed were made under the writ of *venditioni exponas.* The writ of *venditioni exponas* does not issue unless there has been a previous levy or the land otherwise brought within the custody of the court. An order of sale of particular land is not made until that land has been impounded.

We think the order of sale made by the Circuit Court of McNairy County, in the absence of anything in the record to the contrary, raises a conclusive presumption that a levy had been made on the land. *Wilkins* v. *McCorkle,* 112 Tenn., 707; *Puckett* v. *Wynns,* 132 Tenn., 513. We are, therefore, of opinion that the sheriff's deed before us is sufficient in its recitals. The recitals trace the authority of the sheriff back to an order of court and that order cannot be questioned by parties or privies thereto except for want of authority appearing in the record itself.

Another criticism of the deed is one recitation by the sheriff that he proceeded to sell "the reversionary interest of R. W. Luttrell." It is said that R. W. Luttrell had no reversionary interest in the land but a present interest, although undivided. Elsewhere it will be

observed the deed described the interest of R. W. Luttrell offered for sale as "a one-fourth (1/4) undivided interest." The deed undertook to convey to the purchaser "all of the right, title and interest" of the said R. W. Luttrell in and to the land. It seems to us that the deed as a whole undertook to convey a present undivided one-fourth interest in the land, certainly all the interest of the judgment debtor, and that the reference to the estate of the judgment debtor as a reversionary interest in one recital of the deed was a mere irregularity which did not affect the validity of the instrument.

The deed shows that "the 1/4 undivided int. of said deft. R. W. Luttrell" was offered for sale "agreeably to said advertisement and notice." The advertisement and notice having referred to a one-fourth interest, no injustice was done the judgment debtor.

Other grounds of demurrer have been considered but do not require discussion. The decree of the Chancellor is affirmed.