SIPES et al. v. SANDERS et al.—66 S. W. (2d) 261.

Western Section. March 24, 1933.

Petition for Certiorari denied by Supreme Court, January 13, 1934.

163

J. C. Houston, of Selmer, and Ross, Ballew & Ross, of Savannah, for appellants.

Wood & Brooks, of Selmer, for appellees.

SENTER, J. The complainants, appellees, as the heirs at law of W. J. Sipes, deceased, filed the original bill in this cause to have a certain tract of land situated in McNairy county, Tennessee, sold for division among the heirs at law of W. J. Sipes, as the alleged owners of an interest in the said land, and the heirs of R. W. Luttrell, deceased. The defendants filed a demurrer to the bill alleging that the sheriff's deed conveying the interest or share of Luttrell to W. J. Sipes in the land was void and did not vest title, and other grounds of demurrer. The demurrer was overruled and an appeal was granted to the Supreme Court by the chancellor, and the Supreme Court in the reported case of Sipes v. Sanders, 162 Tenn., 594, 39 S. W. (2d), 739, affirmed the action of the chancellor in overruling and disallowing the demurrer. Upon the remand of the cause the defendants answered the bill denying that complainants had any interest of title to any interest in the tract of land involved, and made an attack upon the sheriff's deed under which complainants claimed title; and also pleaded the statutes of limitation of seven

and ten years, and also adverse possession of more than twenty years. Upon the hearing of the cause, the chancellor sustained the original bill to the extent of decreeing that W. J. Sipes at his death was the owner of the undivided interest in the tract of land in question, and that complainants, as the heirs at law of W. J. Sipes, deceased, were entitled to said interest or share in the said land, and entitled to have the land sold for division among the heirs at law of W. J. Sipes, deceased, and R. W. Luttrell, deceased.

The original bill also prayed for an accounting and a recovery for the pro rata share of rents and profits, and for timber cut and removed from the land, but the chancellor denied to complainants that relief. From so much of the decree of the chancellor as held and decreed that complainants were entitled to any interest in the land, and entitled to have the land sold for partition or division, the defendants prayed an appeal to this court and have assigned errors.

By the first assignment of error it is said that the chancellor erred in holding and decreeing that complainants were entitled to recover a one-third, or any, undivided interest in the land under the judgment, levy, sale, and sheriff's deed to W. J. Sipes, and in decreeing a sale of the land for partition. By the second assignment of error it is contended that the chancellor erred in holding and decreeing that by virtue of the judgment, execution, levy, sale, and conveyance by the sheriff to W. J. Sipes, he was vested with title to an undivided interest in said land, for the reasons set forth under this assignment of error. By the third and fifth assignments it is contended that complainants were barred by the statute of limitations of seven years and ten years, respectively; and by the sixth assignment it is urged that complainants were barred because of laches, and because of the laches of W. J. Sipes. These assignments of error present the questions to be determined on this appeal.

The undisputed facts may be summarized as follows: Lindsey Sanders died in the year 1865, the owner of a tract of 252 acres, of which the tract involved in this litigation was a part. Lindsey Sanders left surviving his widow, Ann Sanders, and several children. The widow, Ann Sanders, died in 1870. About 1869, and prior to the death of Ann Sanders, the children of Lindsey Sanders, by mutual agreement, partitioned the real estate of Lindsey Sanders, and executed to each other partition deeds. The tract containing 252 acres was allotted to his daughter, Kate Sanders, who afterwards married R. W. Luttrell, and her brother, J. J. Sanders, each taking a one-half undivided interest. On the 24th day of February, 1877, J. J. Sanders conveyed to his brother, T. L. Sanders, his one-half undivided interest in the tract of 252 acres. On June 1, 1882, T. L. Sanders conveyed to Mary Jane Sanders out of the body of the 252

acres, two parcels, one containing 25 acres, and the other 45 acres, thus leaving about 182 acres out of the 252 acres now involved in this suit. By stipulation filed with the record it appears that it was agreed that the two small tracts of 25 acres and 45 acres, respectively, equalled in value one-fourth of the entire 252 acres, and that the tract of 182 acres was owned by T. L. Sanders one-third, and Mrs. Luttrell two-thirds. On January 3, 1883, T. L. Sanders conveyed his interest in the tract of 182 acres to R. W. Luttrell. By this conveyance R. W. Luttrell became the owner of one-third and his wife two-thirds undivided interest in the 182 acres, which was a part of the 252-acre tract which Lindsey Sanders occupied as a home place to the date of his death. At the time T. L. Sanders conveyed to R. W. Luttrell, Luttrell and his wife were then occupying the land as the old Sanders home place, and continued to occupy the same as a home until the death of Mrs. Luttrell in 1927, and R. W. Luttrell continued to occupy it until his death in February, 1928.

It appears from the averments in the original bill, but not by evidence, that the records of the circuit court of McNairy county show that at the regular term of the circuit court in March, 1887, that the matter of W. J. Sipes v. J. F. Luttrell and R. W. Luttrell was presented to and heard by said court. The original bill then proceeds to recite in substance that the record entry in the record books of said court show that John W. Stumph, a justice of the peace in said county, had duly delivered certain papers and reports which were fully and completely copied and set forth in the record books of said court, and that said papers showed that said John W. Stumph, justice of the peace as aforesaid, had issued a warrant commanding J. F. Luttrell and R. W. Luttrell to appear and answer W. J. Sipes in a plea of debt due by note under $500; said warrant contains the return of the officer and which return appears in the record as having been executed by serving R. W. Luttrell, and reciting that J. F. Luttrell was not to be found in the county, and citing R. W. Luttrell to appear before said magistrate for trial on the date stated in the return; that the records show that immediately following the above, there was a judgment for plaintiff "and against the defendant for $130.97 and costs of suit and interest at the rate of 6% for which let execution issue." Dated December 10, 1881. That immediately following said entry of said judgment on said record is the copy of an execution issued by said justice of the peace, which recites in part: "You are hereby commanded that of the goods and chattels, lands and tenements of J. F. Luttrell and R. W. Luttrell you cause to be made the sum of . . ." That following the above entry appears another entry purporting to be copy of the return made by the officer of said execution, and which recites in part: "There being no

personal property of defendants J. F. Luttrell and R. W. Luttrell to be found in my county, I levied the same upon all the right, title, claim and interest of R. W. Luttrell in and to the following described tract of land, it being a one-fourth undivided interest in the tract of land . . . (The description follows.) This land is levied on as the property of defendant R. W. Luttrell (it being the interest of said R. W. Luttrell bought from T. L. Sanders) to satisfy an execution in my hands in favor of W. J. Sipes and against J. F. Luttrell and R. W. Luttrell for $130.97 and costs of the suit. This levy is made subject to existing homestead rights.'' The bill then alleges that immediately following the above entry is the following entry in substance: ''Came the plaintiff by attorney and moved the court for condemnation of the land described in said levy, and which motion being heard, considered, and fully understood by the court is allowed; and it is ordered by the court, after careful consideration of said motion, that the land so levied on and described in said levy be condemned and that the Clerk of said Court issue a venditioni exponas to the Sheriff of said County commanding said Sheriff to advertise and sell said land, as the law directs, to satisfy plaintiff's judgment, interest and court costs, and, also, the costs of said condemnation proceedings.'' The bill further avers that it is shown by said record in said court and the minutes of said court, that the clerk of said court issued a valid and lawful venditioni exponas to said sheriff pursuant to the aforesaid condemnation, and that pursuant to said order of sale the land was duly and lawfully sold by said sheriff, and that the said W. J. Sipes became the purchaser thereof as aforesaid.

The principal attack made by appellant on the sheriff's deed to W. J. Sipes is that it is void because the execution upon which the condemnation suit was sustained in the circuit court of McNairy county did not conform to the judgment; and because the judgment as rendered did not state against which defendant the judgment was rendered; and because it appears from said records that only one of the defendants was served with process in the justice of the peace court, and therefore the execution and the return thereon did not conform to the judgment, in that the execution recited that judgment had been rendered against both defendants and directed the levy of the execution upon the property of both defendants.

There is a further attack made upon the deed by appellant on the ground that the deed did not sufficiently refer to and identify any particular judgment that the land had been sold to satisfy.

The deed in question recites, in part, as follows:

''Agreeable to an order of sale directed to me from the Honorable Circuit Court of McNairy County in the cause of W. J. Sipes v. J. F. and R. W. Luttrell, coming to my hand on the 24th day of

March, 1887, . . . 1 proceeded as Sheriff of said County to sell the reversionary interest of R. W. Luttrell in and to the following tract of land, to-wit: . . . I offered the one-fourth undivided interest of said defendant R. W. Luttrell for public sale on the 23rd day of April, 1887, at the Court House door in the town of Purdy, agreeably to said advertisement and notice and W. J. Sipes being the highest and best bidder the same was struck off to him at the price of $116.55. Therefore, in consideration of the premises, I hereby transfer and convey to the said W. J. Sipes and his heirs and assigns forever, all of the right, title and interest the said R. W. Luttrell has in and to said tract . . . To have and to hold the same to the said W. J. Sipes, his heirs, etc. . . ."

This deed was duly acknowledged and delivered to W. J. Sipes.

It will be observed that the judgment in the justice of the peace court was against the defendant, and while the judgment did not name the particular defendant, it appears that R. W. Luttrell was the only defendant served with process and before the court. It was therefore a valid judgment against R. W. Luttrell. It is true that the execution was against the property of both the Luttrells, and this was an irregularity, but it could not adversely affect or prejudice the rights of R. W. Luttrell, since the execution was issued on a judgment against him. The sheriff levied the execution on the interest of R. W. Luttrell in the lands in question, after reciting that he had been unable to find any personal property belonging to either of the Luttrells upon which to levy the execution. Hence, the levy of the execution on the interest of R. W. Luttrell in the lands involved was regular, and did not in any way prejudice the rights of R. W. Luttrell. The order of condemnation in the circuit court and the venditioni exponas directed the sheriff to sell the interest of R. W. Luttrell in the lands involved. We are of the opinion that the order of condemnation based upon the record in the justice of the peace court was not void. For the reasons above stated we do not think that the judgment was void as to R. W. Luttrell, nor do we think that the execution issued on the judgment was void. We are of the opinion that at most it was irregular, but the irregularity was not such as to render the judgment and the execution and the return of the execution void, and certainly no rights of R. W. Luttrell were prejudiced.

We are also of the opinion that the sheriff's deed sufficiently identified the judgment. However, these questions were before the Supreme Court on demurrer, and the Supreme Court held that the sheriff's deed was valid, and that it conveyed all the right, title, and interest of R. W. Luttrell in the lands in question to W. J. Sipes. Sipes v. Sanders, supra. It could also be said that R. W. Luttrell

lived in the county for thirty-eight years after this sale, and never at any time sought to have it set aside, but according to some evidence in the record recognized that Sipes owned at least a reversionary interest. We fully recognize the rule that an execution to be valid must substantially follow the judgment and conform to the same. Boyken v. State, 3 Yerg., 426; Love v. Smith, 4 Yerg., 131; Jennings v Pray, 8 Yerg., 85; Saunders v. Gallaher, 2 Humph., 445; Lee v. Crossna, 6 Humph., 282; Fowlkes v. Poppenheimer, 4 Lea, 422; Ramsey v. Jones, 5 Lea, 502.

█ However, as above set forth, we are of the opinion that the execution did conform to the judgment. We also recognize the soundness of the contention that the courts distinguish between a third persons as the bona fide purchaser, and the judgment creditor. This distinction is based upon the fact that the judgment creditor is presumed to know of all the irregularities in the proceedings, if any, while a third party does not have that knowledge. Waite v. Dolby, 8 Humph. (27 Tenn.), 406; Trotter v. Nelson, 1 Swan (31 Tenn.), 7; Woodcock v. Bennet, 1 Cow. (N. Y.), 737, 13 Am. Dec., 568; Jackson v. Robins, 16 Johns. (N. Y.), 537. However, we are of the opinion that the judgment in the instant case was not void or voidable as to R. W. Luttrell, and that the language in the judgment could have referred to but the one defendant who was served with process, and the only defendant against whom a judgment could have been rendered. The irregularity in the execution insisted upon by appellant was purely clerical, and did not render the execution inconsistent with the judgment.

It results that the assignments of error based upon the contention that the judgment was void. or even voidable, as well as the assignments of error directed to the deed from the sheriff to Sipes, are overruled.

This brings us to a consideration of the assignments of error based upon the statute of limitations of seven and ten years, and of twenty years' adverse possession.

█ The wife of R. W. Luttrell was the owner in fee of a two-thirds undivided interest in the tract of land by inheritance and purchase. Her husband, R. W. Luttrell, became the owner of the one-third undivided interest in fee by purchase. This was the state of the title at the time the levy was made on R. W. Luttrell's interest in the property, and at the time it was sold by the sheriff under the venditioni exponas. R. W. Luttrell and his wife occupied the property together. They were both jointly in possession. It was occupied by them as a home place, as it had been previously occupied by Mrs. Luttrell's father. They continued to occupy the house, and the land, until the death of Mrs. Luttrell in 1927, and R. W. Luttrell continued to occupy the same until his death in 1928. The Supreme Court has al-

ready held that W. J. Sipes became the purchaser of R. W. Luttrell's one-third interest in the property under a sheriff's deed, and that the deed conveyed to him all the right, title, and interest that R. W. Luttrell had in the property. In this situation, Mrs. Luttrell and W. J. Sipes became tenants in common; Mrs. Luttrell owning a two-thirds undivided interest, and W. J. Sipes a one-third undivided interest. Mrs. Luttrell, as the tenant in common of W. J. Sipes, was in the actual possession and occupancy of the property all the time from the time that W. J. Sipes became the purchaser of W. R. Luttrell's interest until the date of her death in 1927.

There is not anything in the record to indicate that Mrs. Luttrell held the possession adversely to W. J. Sipes, her cotenant in common. It is well settled that the possession of one tenant in common is the possession of all unless he claimed to hold exclusively for himself. Woodruff v. Roysden, 105 Tenn., 495, 58 S. W., 1066, 80 Am. St. Rep., 905. The recognized rule in this state is that the possession of one tenant in common, as a general proposition, is the possession of all. Drewery v. Nelms, 132 Tenn., 261, 177 S. W., 946. While she was in possession of the property and occupied the same with her husband, R. W. Luttrell, there is nothing in the record to indicate or to warrant a conclusion that she was holding or attempting to hold the one-third undivided interest of Sipes adversely to him. She was only claiming the two-thirds undivided interest. As the owner of two-thirds undivided interest, she had the undoubted right to live on and occupy the premises, subject alone to her liability to account to the cotenant for the pro rata part of rents and profits. At most, she, jointly with her husband, occupied the premises up to the time of her death. The fact that R. W. Luttrell continued to live on the premises with his wife after his interest had been sold does not warrant the conclusion that he was occupying it "adversely," as the term is understood in its legal significance. If the possession of one tenant in common is the possession as well, constructively, of the cotenant in common, and she continued in the possession jointly with the third person, in this case her husband, the adverse possession of such third person, her husband, becomes neutralized. In other words, the occupancy of the premises by R. W. Luttrell jointly with his wife, who owned two-thirds interest in the property, could not have been adverse against W. J. Sipes, because, during all the time R. W. Luttrell occupied said land a tenant in common of W. J. Sipes, to wit, Mrs. Kate Sanders Luttrell, was likewise in the possession of the land, and said cotenant did not hold adversely as to W. J. Sipes, the law presumes she held for herself and her cotenant, W. J. Sipes, and the result is that the possession by W. J. Sipes through his cotenant Kate Sanders Luttrell, neutralized the possession of R. W. Luttrell, even though R. W. Luttrell intended to hold

said lands adversely to W. J. Sipes. Brier Hill Collieries v. Pile, 4 Tenn. App., 468. In that case, it was further held that where two parties jointly occupy land, the one having title and the other not, the occupancy inures to the benefit of the one holding the legal title. As said by the court in that case: "There cannot be, in legal contemplation a possession, either actual or constructive, of the same identical tract of land in two adverse claimants at the same time. This is the doctrine of mixed or neutralized, possession." Citing Stewart v. Harris, 9 Humph., 714; Knight v. Jordan, 6 Humph., 101; Moore v. Walker, 3 Lea, 656; Waddle v. Stuart, 4 Sneed, 535; Ramsey v. Quillen, 5 Lea, 184; McCammon v. Pettitt, 3 Sneed, 242; Welcker v. Staples, 88 Tenn., 49, 12 S. W., 340, 17 Am. St. Rep., 869.

We agree with the contention made by appellee to the effect that the only way in which R. W. Luttrell could have obtained title by adverse possession would have been: (1) For Kate Sanders Luttrell, cotenant of W. J. Sipes, to have held her possession of said land adversely to her cotenant, W. J. Sipes. There is no evidence in the record that she ever claimed to hold adversely to W. J. Sipes, but only claimed the right of possession by reason of her title to her two-thirds undivided interest therein. (2) For R. W. Luttrell to have held said land adversely against both Mrs. Luttrell and W. J. Sipes. In the present case, obviously, the possession of R. W. Luttrell, if any was not adverse as against Kate Sanders Luttrell. She had title to two-thirds interest in the land and he did not have any title to any of the land. As stated by the court in the Brier Hill Collieries Case, supra: "Where two parties jointly occupy land the one having title and the other not, the occupancy enures to the benefit of the one holding the legal title." And this rule is equally applicable to husband and wife occupying the premises jointly. As stated by Mr. Justice Neil in the case of Smith v. Cross, 125 Tenn., 159, at page 171, 140 S. W., 1060, 1063:

"It can make no difference that the husband is the head of the family, claims the property as his own, and apparently controls it as such; if the wife reside with him, and the title is in her, the law adjudges the possession to be hers."

It would thus appear that the fact that R. W. Luttrell continued to live on the premises with his wife, and even though he assumed the management and control of the property, the possession would not have been his, because he had no title to the place, but the possession would in law be the possession of his wife who lived with him and had legal title to the property. She was in the possession of the property because she had title thereto, and the fact that he lived with her and assumed the management and control of the property would not constitute legal possession upon his part, but the wife who had title

had the possession. As above pointed out, if she was the tenant in common with W. J. Sipes and had possession of the property, she held the possession, or her possession was for the benefit of her cotenant, unless she was holding adversely to him.

It results that the assignments of error based upon adverse possession must be overruled.

 There remains the question of laches upon the part of W. J. Sipes. It is earnestly contended by appellant that W. J. Sipes was guilty of such laches in not asserting his rights to the property for the long period of forty years as would bar this action. Under the facts of this case we do not think this contention can be sustained. We think it clear from the record that both W. J. Sipes and R. W. Luttrell considered or thought that R. W. Luttrell had a life estate in the property, and that by his sheriff's deed he only acquired the reversionary interest in the one-third undivided interest of Luttrell. This seemed to have been a mutual mistake indulged by both Luttrell and Sipes. But in any event, Sipes and his heirs were in no sense prejudiced by the laches of Sipes, if it be laches. The only result was that R. W. Luttrell was permitted to enjoy the occupancy of the premises during his lifetime, without paying rent. The chancellor disallowed complainants' claim for rents and profits, and for timber cut. We are therefore of the opinion that this assignment of error cannot be sustained.

It results that all assignments of error are overruled, and the decree of the chancellor is accordingly affirmed, and the cause is remanded to the chancery court of McNairy county to be further proceeded with under the decree. Appellants and sureties on the appeal bond will pay the cost of this appeal.

Heiskell and Anderson, JJ., concur.