HELMICK *v.* WELLS *et al.*

(*Nashville,* December Term, 1936.)

Opinion filed February 27, 1937.

SAM HOLDING, of Columbia, for appellant.

GATES & GATES, of Lewisburg, for appellees.

MR. JUSTICE DEHAVEN delivered the opinion of the Court.

It appears from the bill that defendant R. P. Wells and his wife, now deceased, acquired about 50 acres

of farm land situated in Maury county, Tenn., as tenants in common; that they had one child, Sarah Wells, who married one Tom Helmick, and three children were born of that marriage, to-wit, the complainant, W. R. Helmick, and the minor defendants, J. D. and W. W. Helmick. Sarah Wells Helmick died prior to the filing of the bill herein.

R. P. Wells is the owner in fee of a one-half undivided interest in the land in question, and the three children of Sarah Wells Helmick own in fee the other one-half undivided interest, subject to the curtesy estate of R. P. Wells.

Complainant seeks by his bill a sale of the land for partition, including the curtesy estate of Wells.

Wells demurred to the bill on the ground that complainant was not entitled to a sale of his life estate without his consent. The chancellor overruled the demurrer and allowed an appeal to this court.

Section 9209 of the Code is as follows: "The court may, with the assent of the person entitled to an estate in dower, or by curtesy, or for life, to the whole or any part of the premises, who is a party to the proceedings, sell such estate with the rest."

Wells has not consented to a sale of his life estate; on the contrary, he resists such sale. In the absence of such consent, a decree ordering the sale of the life estate, along with the other interests in the land, for division, would be in violation of section 9209 of the Code, and therefore void. As tenant by the curtesy of the one-half undivided interest of complainant and his two brothers in the land in question, he cannot be ousted of his right of possession of such interest by partition or sale for division. The fact that the one-half undivided inter-

est of complainant and his brothers is subject to the life estate of Wells does not affect their right to partition or sale for division. Code, sections 9165 and 9166. If, however, the land be partitioned in kind, the one-half interest set aside to complainant and his brothers would be subject to the right of possession of Wells as tenant by the curtesy. If the tract be sold for division, Wells' life estate in the interest of complainant and his brothers could not be included in the sale without his consent.

The chancellor was in error in overruling the demurrer insofar as it challenged the right of complainant to a sale of the life estate of Wells. We are constrained, therefore, to reverse the decree and remand the cause.

Complainant will pay the costs of the appeal.