T. L. VICK, Respondent,

*v.*

VAUGHN VICK, Petitioner, et al.

(*Jackson,* April Term, 1960.)

Opinion filed January 19, 1961.

PEELER & HOLLIS, Camden, for petitioner.

J. LEE TAYLOR, Huntingdon, for respondent.

Mr. Justice Tomlinson delivered the opinion of the Court.

This is a petition for certiorari wherein complaint is made as to the affirmance by the Court of Appeals of the judgment of the County Court ordering a sale of a certain farm with division of proceeds among those entitled, it having been found upon substantial evidence that the land was not capable of division in kind between the respective owners. No dwelling or other improvements are on this farm.

Various proceedings had, but not pertinent to a determination of the question made, will not be stated. Suffice it to say that the farm was owned by T. L. Vick and his brother, E. G. Vick, as tenants in common at the time E. G. Vick died intestate leaving his widow, the petitioner, Vaughn Vick, and their two minor children. So, the title status of the land at the time this suit was instituted was, and is, that T. L. Vick, the surviving brother, and complainant owned a one-half undivided interest therein. The remaining one-half undivided interest was owned by the two minor children of E. G. Vick subject to the right of their mother, Vaughn Vick, to dower out of this one-half undivided interest.

This widow, Vaughn Vick, challenges the authority of the Court to sell this land for division of proceeds on the ground that "she has not assented to the sale of her dower interest in the property". She grounds this insistence upon (1) Code Section 23-2135 providing that:

"The court may, *with the assent of the person entitled to an estate in dower,* or by curtesy, or for life, to the whole or any part of the premises, who is a party to the proceedings, sell such estate with the rest." (Emphasis added.)

And (2) *Cripps v. Cripps,* 202 Tenn. 67, 302 S.W.2d 340.

The County Judge and the Court of Appeals were of the opinion that Code Section 23-2135 and *Cripps v. Cripps* are not applicable here; instead, that the present case is governed by Code Section 23-2101 providing that:

"Any person having an estate of inheritance, or for life, or for years, in lands, and holding or being in possession thereof, as tenant in common or otherwise, with others, is entitled to partition thereof, or sale for partition, under the provisions of this chapter."

And Section 23-2102, T.C.A. providing that:

"The fact that the premises are subject to a life estate by dower or curtesy, or to an encumbrance by mortgage or otherwise, will not affect the right."

The only realty which existed in the Cripps case was the residence in which the husband and his wife lived at the time of his death. It had a value of $4,000. The widow was entitled to both homestead and dower in this residence. It could not be divided so as to assign to her for occupancy during her life a specific portion.

Such being the situation, there came into effect the rule so clearly stated in *In re Moore's Estate,* 34 Tenn. App. 131, 140-141, 234 S.W.2d 847, 851, as follows:

"If the nature and situation of the property is such that she cannot be provided with a decent residence out of a part or a portion thereof, but only out of the whole,

then she is entitled to such a residence without regard to the effect upon the interest of the children. This is the effect of the ruling in *Vincent v. Vincent,* supra [48 Tenn. 343], and subsequent cases next above cited, which follow that decision. Any other view would defeat what has been said to be the leading object of the statutory provision, namely, to afford a widow a proper residence, due regard being had to her condition and past manner of life, in addition to a means of support provided for by the life estate in one-third of the land."

In addition to the fact that Section 31-604, T.C.A. provides that "in said third part shall be comprehended the dwelling house in which the husband was accustomed most generally to dwell next before his death * * *", there is the additional fact that with reference to homestead the controlling purpose is "to protect the family in the possession of a home as a fixed abode". *Swift v. Reasonover,* 168 Tenn. 305, 307, 77 S.W.2d 809.

Unlike the Cripps case, there is not involved in the instant case either a residence or homestead. Nor is the land in the instant case such that the widow may be allotted a specific portion as was Wells by reason of his right of curtesy in one-half of a tract of land capable of division in kind in the case of *Helmick v. Wells et al.,* 171 Tenn. 265, 102 S.W.2d 58.

This Court is of the opinion, therefore, that neither Section 23-2135, T.C.A. nor the Cripps case are applicable to the present situation, but that, in the present situation, there is applicable, as held by the County Court and the Court of Appeals, Sections 23-2101 and 23-2102, T.C.A. hereinbefore quoted.

Those two code sections authorize the sale of the land for partition of proceeds without regard to the fact that the widow entitled to dower out of a one-half undivided interest has not ''assented''. The Court of Appeals having so held, the petition for certiorari is denied.