# SOFRONA GARLAND v. HOLSTON OIL COMPANY.
## —386 S.W.(2d) 914.

Eastern Section. May 14, 1964.

Certiorari Denied by Supreme Court September 28, 1964.

Hunter, Smith, Davis, Norris & Waddey and John F. Dodd, Kingsport, for appellant, Holston Oil Co.

Tucker & Erwin, Erwin, for appellee, Sofrona Garland.

COOPER, J. This appeal is from the decree of the Chancery Court of Unicoi County, Tennessee, awarding complainant, Sofrona Garland, immediate possession of a tract of land located on highways 23 and 19-W in the 3rd Civil District of Unicoi County, and the improvements thereon.

J. W. Garland, the husband of Sofrona Garland, erected a filling station in 1945 on U.S. Highway No. 23, known as the Garland Service Station. The station was leased to the defendant Holston Oil Company by Mr. Garland on December 20, 1954. On April 30, 1958, after the expiration of the 1954 lease, J. W. Garland executed a second lease to the Oil Company, which expires January 1, 1966. Throughout the life of both leases, the Oil Company has sub-leased the premises to Bill Garland, son of J. W. and Sofrona Garland, on a month-to-month basis at less rent than it paid to J. W. Garland—the profit to the Oil Company evidently coming from the sale of its products through the station.

The Garland Service Station is located on two tracts of land. The grease rack and the tire recap facilities lie on the tract referred to in the record as tract 2, which was owned in fee by J. W. Garland at the time he executed the leases to the Oil Company. The portion of the service station building used as the office and the gasoline pumps are located on tract 1. At the time the leases to the Oil Company were executed, one-third ($\frac{1}{3}$) of tract 1 was owned in fee by J. W. Garland, and two-thirds ($\frac{2}{3}$) was

owned by J. W. Garland and his wife, Sofrona Garland, as tenants by the entireties. The location of the service station on tracts 1 and 2 is illustrated by the plat appended to this opinion.

In the early part of 1962, the son, Bill Garland, and a representative of the Oil Company had a dispute over the price of gasoline. Shortly thereafter, on February 8, 1962, Mrs. Garland made demand on the Oil Company for "immediate full possession" of the service station, pointing out that she had not executed the lease under which the Oil Company had possession.

On March 13, 1962, Mrs. Garland and her husband, J. W. Garland, conveyed tracts 1 and 2 to their son, Bill Garland, retaining a life estate.

Sofrona Garland filed the present suit on June 19, 1962 in the Chancery Court of Unicoi County seeking a declaration of her interest in the property and seeking immediate possession of the service station. J. W. Garland and the Oil Company were named defendants.

In its answer, the Oil Company averred that its possession was proper under the terms of its lease; that J. W. Garland, in executing the lease, was acting in behalf of Sofrona Garland and in the interest of a joint holding; and also plead estoppel.

The Chancellor, after trying the cause on deposition, found that Sofrona Garland and her husband, J. W. Garland, held title to two-thirds of tract 1 as tenants by the entireties; that in leasing the property to the Oil Company, J. W. Garland was acting for himself and not as agent for the complainant; that the lessee of a husband's interest in an estate by the entirety takes no present right of possession as against the wife, who does not

join in the conveyance; and that the doctrine of estoppel was not available to the defendant. The Chancellor then decreed that complainant was entitled to the immediate possession of tract 1, and ordered the issuance of a writ of possession to enforce his decree, if necessary.

We think the Chancellor's decree was in error. Assuming at this point that the Chancellor's finding of fact as set out above was correct, J. W. Garland, at the time he entered into the lease with the Oil Company, owned a one-third undivided interest in tract 1 separately and apart from the ⅔ interest he owned with his wife, Sofrona, as tenants by the entireties — thus creating a tenancy in common in tract 1.

"A tenancy in common exists where property is held by several distinct titles by unity of possession, neither knowing his own severalty, and, therefore, they all occupy promiscuously." 4 Thompson on Real Property, Sec. 1831, p. 366.

■■ It is a rule of general application that any tenant in common of real property has a right to enter upon the common estate and take possession of the whole thereof, subject only to the equal right of his co-tenants, with whose possession he may not interfere. 14 Am.Jur., Cotenancy, Sec. 23, p. 93 and numerous cases there cited. Since each tenant in common is entitled to possession, one tenant in common cannot evict another, in the absence of a showing that he has been ousted from possession or his right to participate in the enjoyment of the property has been denied. Judd v. Dowdell, 244 Ala. 230, 12 So.(2d) 858; Finnegan v. Humes, 252 App.Div. 385, 299 N.Y.S. 501, affirmed 277 N.Y. 682, 14 N.E.(2d) 389; Smith v. United States, 5 Cir., 153 F.(2d) 655; 4 Thompson on Real Property, Sec. 1941, p. 460 et seq.

See also 86 C.J.S. Tenancy in Common sec. 92, pp. 493-494, wherein it is stated:

"* * * Since each cotenant is entitled to possession in the absence of any agreement to the contrary, * * * ejectment cannot be maintained by one cotenant against another, unless the latter has ousted the former from possession. The action does not lie merely because one of the cotenants is occupying more than would be his share of the common property on a division or partition thereof, or where plaintiff is in possession of any interest, no matter how small. Where cotenants cannot agree as to the administration of the common property and it remains in the possession of one of them * * * the remedy of the other cotenants is not by action for possession and to recover their proportion of the rents, with damages, but by suit for partition and settlement of accounts."

In nearly all jurisdictions, it is recognized that where one tenant in common of real estate leases the property generally, or specifically leases his undivided interest, the lessee becomes for the term of the lease a cotenant of the nonjoining owners, and has the right to use and occupy the premises as fully as his lessor might do but for the lease. 49 A.L.R.(2d) 797, and cases there cited. Cf. Sipes v. Sanders, 17 Tenn.App. 162, 66 S.W.(2d) 261, wherein the purchaser of the husband's undivided ⅓ interest in real estate was held to be a tenant in common with the wife, who owned a ⅔ undivided interest.

In the present case, then, under the most adverse finding of fact possible under the above proof, the Oil Company is a tenant in common with Sofrona Garland in that portion of the service station located on tract 1,

and, as such, has as much right to possession as complainaint and cannot be evicted by Mrs. Garland, a cotenant.

Accordingly, the decree of the Chancellor awarding Mrs. Garland immediate and complete possession of the property in dispute is reversed, and the cause dismissed. Costs are adjudged against complainant, Sofrona Garland.

McAmis, P. J., and Parrott, J., concur.

APPENDIX

U.S. HIGHWAY NO. 23

S 45° E
255.5'

TELEPHONE POLE

IRON PIN

CORNER POST &
TRACES OF OLD
FENCE

N 46° W
199.5'

TRACT 1

TRACT 2

N 67° E

IRON PIN

ADDITIONAL
BUILDING

WASH &
GREASE

RE-CAP

150.00'

97.60'

52.52'

S 46° E
199.5'

TRACT 3

S 67° W

75'

50'

75'

75'

90'

199.5'
N 46° W

HIGGINS