Reece L. SMITH, Jr., Petitioner,

v.

STATE of Tennessee, DEPARTMENT OF TRANSPORTATION, Robert F. Smith, Commissioner, Respondent.

Supreme Court of Tennessee.

Nov. 25, 1974.

Gail P. Pigg, Nashville, for petitioner.

David M. Pack, Atty. Gen., Russell G. Lazenby, Jr., Asst. Atty. Gen., of Tenn., Steven North, Nashville, for respondent.

## OPINION

HENRY, Justice.

This is a condemnation suit wherein the State of Tennessee acquired title to a small tract of land (ten [10] feet wide and one hundred, eighty-seven and one-half [187.5] feet long) running along the western margin of Iris Drive just north of its intersection with Thompson Lane in Davidson County. The rear boundary runs parallel to the front for a distance of one hundred fifty and six-tenths (150.6) feet. Petitioner and seven others, who are not parties to this appeal, own this seventeen hundred and ten (1710) square foot tract as tenants in common.

Across Iris Drive is located the 12 Oaks Motel owned by the petitioner in fee simple.

On the circuit court trial the jury awarded petitioner and his co-owners compensation for the value of the land taken, but did not award incidental damages.

The remaining tenants in common accepted the award of the jury.

The petitioner prayed an appeal to the Court of Appeals predicated upon the propositions (1) that he should have been award-

ed incidental damages to his motel property by reason of the loss of the use of the condemned strip as a parking area for the motel, and (2) that the trial court should have permitted testimony as to the special use of the condemned tract and its peculiar value to his motel operation.

The Court of Appeals affirmed the trial court, holding that the case is governed by *Tillman v. Lewisburg & Northern Railroad Company,* 133 Tenn. 554, 182 S.W. 597 (1915).

This Court granted certiorari and has heard oral argument.

The Court of Appeals, in an opinion by Judge Puryear, commented on *Tillman* as follows:

In that case the Railroad Company instituted a proceeding to condemn a strip of land through a larger tract as a right of way. Mrs. Tillman and her husband owned this larger tract of 105 acres as tenants by the entireties. Mrs. Tillman also owned, individually, a tract of 25 acres lying opposite the 105 acre tract and separated from it by a turnpike. Their residence was located on the smaller tract and the two tracts were and had been continuously operated together as one farm. Mrs. Tillman insisted that she was entitled to recover for incidental damages sustained to the 25 acre tract. In that case the Supreme Court rejected the insistence of Mrs. Tillman and said: "Assume that the plaintiff, Mrs. Tillman, were the owner, as tenant in common, of a one-tenth undivided interest in the larger tract. May it be held that a condemnation affecting that small interest would support the claim here urged for damages to the entire tract solely owned by her? If so, other tenants in common owning contiguous tracts individually could do so in like manner, and it is conceivable that if the right of way were taken out of a small boundary so owned in common, surrounded by large tracts severally owned by the tenants in common, enormous damages could be collect-

ed from the condemnor under the rule contended for by the appellant.

"Let the attitude of the case be reversed, by supposing that plaintiff's individually owned tract had been specially benefited by the construction of the railway over the adjoining tract, but that the balance of the larger tract was incidentally damaged. Would it be either fair or sound to hold that this incidental damage should be offset by the benefits accruing to the smaller tract? Would it not be an abundant reply that mutuality of parties or ownership was lacking to justify such a setoff? We think so."

We concur with the Court of Appeals.

■ While the authorities are not in complete accord, the general rule is that in order to allow severance damages where a portion of a parcel or parcels of land is taken by condemnation, there must be unity of title, unity of use and contiguity. 29A C.J.S. *Eminent Domain* § 140; 95 A.L.R.2d 890; 27 Am.Jur.2d § 320.

■ Petitioner's rights in the condemned property rest on a fragile foundation. He had no written agreement with his co-tenants and, at best, his use of the premises was by their acquiescence, sufferance or tacit permission. This permissive use by condemnee, almost on a day-to-day basis, constitutes an insufficient interest to form the basis for an award of incidental or severance damages. At most, his was a mere expectancy of continuing possession and use.

■ Moreover, the record reflects that when used for normal parking (as opposed to parallel) a conventional automobile per force of necessity extends beyond the ten foot strip and protrudes onto the right-of-way of Iris Drive. Thus, it is that at any time, with or without notice, the City of Berry Hill could have terminated petitioner's enjoyment of the condemned strip.

Any damages whether severance, incidental, consequential or for special or peculiar

use would be speculative or conjectural and impossible to determine.

We expressly restrict this opinion to the peculiar facts and circumstances of this particular case, involving multiple tenants in common, permissive use and an insubstantial interest.

Affirmed.

FONES, C. J., and COOPER and HARBISON, JJ., concur.

BROCK, J., dissents.

BROCK, Justice (dissenting).

I must respectfully dissent.

Although the majority opinion recognizes the injustice of the decision in *Tillman v. Lewisburg & N. Railroad Co.,* 133 Tenn. 554, 182 S.W. 597 (1915), it nevertheless applies the rule there announced that "unity of title" must exist in order for the citizen to recover incidental or consequential damages to the property remaining after the taking of a contiguous tract in which the citizen has an ownership interest as a tenant in common. The property taken is the parking lot for a motel located on the property not taken but which is contiguous to that taken and with respect to which there exists "unity of use." Obviously, the motel property must be substantially damaged by the taking of the parking lot, a very essential part of a motel business.

*Tillman* speaks too much of "unity" of title, use, etc., and not enough of the mandate of the Constitution and statutes that no person's property be taken without just compensation. *Constitution of Tennessee,* Art. I, Sec. 21; T.C.A. Sec. 23–1414. *Tillman* is typical of jurisprudence in the latter part of the nineteenth century and the early part of the twentieth when courts sometimes showed more interest in the apparent "logical symmetry" of their decisions than in assuring that the law achieved justice. Accordingly, I would overrule *Tillman.*

The majority opinion states that "Petitioner's rights in the condemned property rest on a fragile foundation." I cannot agree. Tenants in common in Tennessee enjoy a rather substantial estate. They are jointly seized of the entire estate; each has an equal right of entry and possession, and the possession of one is the possession of all. *Story v. Saunders,* 27 Tenn. 663. Any tenant in common has the right to enter upon the common estate and take possession of the whole thereof subject only to the equal right of his cotenants. *Garland v. Holston Oil Co.,* 53 Tenn.App. 703, 386 S.W.2d 914. In my view petitioner, as a tenant in common, had a sufficiently substantial interest or "title" in the property taken to entitle him to seek damages to the remainder. See: *Barnes v. North Carolina State Highway Commission,* 250 N.C. 378, 109 S.E.2d 219; 95 A.L.R.2d 894.

I would reverse the judgment of the Court of Appeals and remand to the trial court for a determination of the incidental or consequential damages to the motel tract.