Allen PURYEAR, an Individual, and Ann Puryear, Administratrix of the Estate of Ruby D. Puryear, Plaintiffs-Appellants,

v.

Bertha BELCHER, Defendant-Appellee.

Supreme Court of Tennessee.

April 6, 1981.

E. R. Wollard, Lebanon, for plaintiffs-appellants.

Comer Donnell, Lebanon, for defendant-appellee.

## OPINION

BROCK, Justice.

This is an action by a co-tenant of a house and lot in Lebanon, Tennessee, to have all interests therein sold for division. T.C.A., § 23–2128 (now § 29–27–201). The Chancellor held that T.C.A., § 23–2135 (now § 29–27–208) required the consent of the defendant, Bertha Belcher, in order for her dower estate in 7.936% undivided interest in the property to be included in the decree of sale. Since Bertha Belcher refused assent, the sale of her dower interest was denied. The decree of the Chancellor was affirmed by the Court of Appeals and this Court granted discretionary review under Rule 11 of Tennessee Rules of Appellate Procedure.

A Chancellor's decree rendered in 1964 and a deed of the Clerk & Master pursuant thereto established interests in the subject property, as follows:

1. 36.507% interest in fee to Jim Tal Belcher.

2. 22.223% interest in fee to Ruby D. Puryear.

3. Bertha Belcher was granted "unassigned dower in 7.936%, such 7.936% being included within and constituting a part of the 58.73% undivided interest" of Jim Tal Belcher and Ruby D. Puryear.[1]

1. Prior to the 1964 Chancellor's decree, Jim Tal Belcher, Ruby D. Puryear and James Belcher, each received, by will, certain farm lands as co-tenants. James was married to Bertha Belcher and her dower estate resulted when he died. By agreement the farm lands were sold

4. Of the remaining 41.27% interest in fee, Jim Tal Belcher was granted a life estate in 20.635% with remainder to her heirs at law, and Ruby Puryear was, likewise, granted a life estate in 20.635% with remainder to her heirs at law.

5. These three ladies were to live on the property.

Thereafter, in 1966 Jim Tal Belcher conveyed her 36.507% interest in fee to Bertha Belcher[2] and died the next day, so that, Ruby Puryear, the only heir at law of Jim Tal Belcher, succeeded as remainderman to the 20.365% interest in which Jim Tal Belcher had enjoyed a life estate. (Item 4, above.)

In 1974 Ruby Puryear died intestate, all of her interest in the house and lot passing to Allen Puryear, her uncle and sole surviving heir at law. Bertha Belcher continued to live in the subject property.

In February, 1975, Allen Puryear and the Administratrix of the estate of Ruby D. Puryear, deceased, filed this action against Bertha Belcher seeking a sale for division of the house and lot in question, alleging that the same could not be partitioned in kind. The defendant, Bertha Belcher, was still living in the property and refused to assent to a sale for division. The Chancellor concluded that T.C.A., § 23–2135 (now § 29–27–208), as interpreted by this Court in *Cripps v. Cripps*, 202 Tenn. 67, 302 S.W.2d 340 (1957) prevented a sale, without Bertha's assent, of her dower interest. Thus, he decreed that, if the property were to be sold, the sale would be subject to the dower interest of Bertha in 7.936% of the property.

## I

■ A *partition in kind* may be decreed against the wishes of one who holds a dower, curtesy or other life estate in the premises. T.C.A., § 23–2101 (now § 29–27–102), § 23–2121 (now repealed); *Baumgartner v. Baumgartner*, 17 Tenn.App. 305, 67 S.W.2d

154 (1933). Thus, T.C.A., § 23–2102, provides:

"Effect of dower or encumbrance.—The fact that the premises are subject to a life estate by dower or curtesy, or to an encumbrance by mortgage or otherwise, will not affect the right."

T.C.A., § 23–2121, provides:

"Setting apart dower.—If dower has never been allotted to the person entitled, upon petition for partition, the same may, on motion, be allowed, and set apart by commissioners as in other cases. In such case, the entire tract or tracts, including the part in which dower is assigned, may be partitioned among the claimants, as hereinabove provided."

■ But, the *sale for division* provided by T.C.A., § 23–2128 (now § 29–27–201), may not include a dower, curtesy or life estate unless the owner of such estate consents that it be sold. T.C.A., § 23–2135, provides:

"Sale of dower or life estate.—The court may, with the assent of the person entitled to an estate in dower, or by curtesy, or for life, to the whole or any part of the premises, who is a party to the proceedings, sell such estate with the rest."

It is also provided that, if the owner of an estate in dower, curtesy or for life be either incapable of giving assent or be unknown, the court may determine under the circumstances whether such estate ought to be sold or excepted from the sale. T.C.A., §§ 23–2135, 23–2136 (now § 29–27–208).

Thus, if the holder of the life estate consents that his interest be sold along with the remainder, then it may be done; but, if he objects to the sale of his interest, the sale of the remainder, if decreed, will be subject to the rights of the life tenant. Such is the statutory scheme.

■ Any tenant in common has the right to enter upon the common estate and take possession of the whole thereof, subject only to the equal right of his co-tenants,

---

and the proceeds used to purchase the house and lot in Lebanon; this sale and purchase was approved in court proceedings that resulted in the 1964 decree.

2. The parties have presented no issue of merger, and, we decide none.

with whose possession he may not interfere. *Garland v. Holston Oil Company*, 53 Tenn. App. 703, 386 S.W.2d 914 (1964); 86 C.J.S. *Tenancy in Common* § 20 (1954). Moreover, this rule applies even though the quantities of the estates or interests of the co-tenants be very unequal. *Fountain v. Davis*, 71 Ga.App. 1, 29 S.E.2d 798 (1944).

The policy and rule of law laid down by the legislature in T.C.A., § 23–2135 (now § 29–27–208), that in any proceeding for sale of division of real property subject to an estate of dower, curtesy or for life "to the whole *or any part of* the premises" (emphasis added), the rights and interests of the owner of such life estate may not be sold without her or his consent has been recognized and enforced by this Court. *Helmick v. Wells*, 171 Tenn. 265, 102 S.W.2d 58 (1937); *Cripps v. Cripps, supra.*

However, in *Vick v. Vick*, 207 Tenn. 643, 342 S.W.2d 719 (1961), the dower rights of the widow in the undivided one-half interest of her husband were sold without her assent, indeed over her protest, in an action for sale for division; this Court upheld the sale, apparently holding that the assent requirement of T.C.A., § 23–2135 (now § 29–27–208), did not apply if the subject realty did not consist of a residence or a homestead. The appellant in the instant case relies upon the *Vick* decision.

We are unable to square the *Vick* decision with T.C.A., § 23–2135 (now § 29–27–208), or with the decisions of this Court in *Helmick v. Wells, supra*, and *Cripps v. Cripps, supra.*

The holding of the Court in the *Vick* case was as follows:

"This Court is of the opinion, therefore, that neither Section 23–2135, T.C.A. nor the *Cripps* case are applicable to the present situation, but that, in the present situation, there is applicable, as held by the County Court and the Court of Appeals, Sections 23–2101 and 23–2102, T.C.A. hereinbefore quoted." 207 Tenn. 643, 342 S.W.2d at 720.

We simply cannot support the *Vick* rationale. The attempt to limit the assent requirement mandated by T.C.A., § 23–2135

(now 29–27–208), to only those cases in which the subject property is either a residence or homestead is not supported by either statutory or case law. Moreover, T.C.A., §§ 23–2101, 23–2102 (now 29–27–101, 29–27–102), have nothing to do with assent, or the lack thereof, of the holder of a life estate; they in no way attempt to modify or limit T.C.A., § 23–2135 (now 29–27–208); they merely describe those entitled to bring an action for partition in kind or for sale for division. As an interpretation of the statutes upon this subject, the *Vick* decision stands alone. If the protection afforded to life tenants by T.C.A., § 23–2135 (now 29–27–208) is to be diminished, it must be done by the Legislature.

We reaffirm the holdings of *Helmick* and *Cripps*. In our view, the Court correctly stated the law when it said in *Helmick*:

"Wells has not consented to a sale of his life estate; on the contrary, he resists such sale. In the absence of such consent, a decree ordering the sale of the life estate, along with the other interests in the land, for division, would be in violation of section 9209 of the Code (later, T.C.A., § 23–2135 and now § 29–27–208), and therefore void. As tenant by the curtesy of the one-half undivided interest of the complainant and his two brothers in the land in question, he cannot be ousted of his right of possession of such interest by partition or sale for division. The fact that the one-half undivided interest of complainant and his brothers is subject to the life estate of Wells does not affect their right to partition or sale for division. Code, §§ 2165 and 9166 (later T.C.A., §§ 23–2101 and 2102, now T.C.A., §§ 29–27–101 and 29–27–102). If, however, the land be partitioned in kind, the one-half interest set aside to complainant and his brothers would be subject to the right of possession of Wells as tenant by the curtesy. If the tract be sold for division, Wells' life estate in the interest of complainant and his brothers could not be included in the sale without his consent." 171 Tenn. 265, 102 S.W.2d at 58.

Moreover, as we understand it, the *Vick* rationale, if viable, would not aid appellant because it would require the assent of Bertha Belcher in this case since the subject property is a residence.

The decrees of the lower courts are affirmed. Costs are taxed against appellant.

HARBISON, C. J., and FONES and COOPER, JJ., concur.