Nicholson, C. J.,
delivered the opinion of the Court.
Robert E. Donnell died in Sumner county, leaving' his widow surviving him. The only real estate owned by him was a store-house in Gallatin. His widow dissented from his will, and applied to the County Court for dower, which' was allotted to her. The house not being divisible, her dower assigned was the one-third of the house and lot. The yearly rental value of the house and lot is about $500, and the market value of the house and lot is from $2,500 to $3,000.
*566 After dower was allotted the executor filed his bill, suggesting the insolvency of the estate and praying for a sale of the house and lot, and that the entire property be sold, including the dower, and that a gross sum out of the proceeds' be assigned to the widow as dower. She answered, not resisting the sale, but insisting that it should be made subject to her right of dower in the property.
Proof was taken as to the value of the house and lot and its annual rental value, and as to how the interest of the widow and creditors would be affected by a sale made absolutely, or reserving the widow’s dower right. The Chancellor ordered an absolute sale, requiring the widow to take a sum in gross as her dower in the property. From this decree the widow has appealed.
Upon the death of her husband and her dissent from his will, the right of the widow to the use and occupation of one-third of the house and lot attached, and was vested. As the -dower could not be set apart by metes and bounds, her right to one-tliird of the annual rental value of the property was vested and fixed. Lewis v. James, 8 Hum., 541. Her right was the use and occupation of one-third of the property in specie. This right was superior to that of the creditors, and could not - be affected by a sale for their benefit. Her election to take the equivalent of the use and occupation, or to take a sum in gross in lieu thereof, could not be interfered with or controlled by any decree of the Court. It was an absolute fixed right, beyond the power of the Court to impair.
*567 It follows that the decree of the Chancellor was erroneous, in so far as it requires the widow to accept a sum in gross in lieu of dower. A decree will be rendered here ordering a sale of the house and lot subject to the dower right of the widow to receive during her life one-third of the rental value of the property.
The costs of the case will be paid out of the proceeds of the sale