D. M. PERKINS, Trustee, etc., v. MARTHA
McDONALD, et als.

1. DOWER IN TRUST ESTATE. Superior to the rights of the beneficiaries.
When. McDonald, who made a trust deed in 1865, died in 1872, be-
fore there was any decree for a sale of the lands under the trust deed.
Upon his death, therefore, the widow's right of dower immediately
attached under ?2399 of the Code, this provision of the law consti-
tutes a part of the contract between McDonald, his trustee, and his
creditors, secured by the deed of trust, whereby they agreed to accept
the benefits of the conveyance encumbered with the contingent right
of dower in his wife. This contingent right was subject to be defeated
by a sale under the trust deed before the death of McDonald. No
such sale having been made, the widow's right became absolute upon
the death of her husband.

2. BANKRUPTCY. Assignment in, of trust estate. Widow's dower and rights cf
beneficiaries under the trust deed. How effected. The beneficiaries in a
trust deed having agreed, under ?2399, of the Code, to hold the title
in subordination to the widow's rights to dower in the event of her
husband's death before a sale of the land under the trust deed, they
are consequently estopped from disputing her superior title. Whether
the legal operation of the bankrupt proceeding was to vest all of the
husband's interest in his assignee or not, is a question which none but
the assignee can raise. The bankrupt proceedings heretofore, had no
effect upon the rights of the beneficiaries under the trust deed.

3. PRACTICE. Proceedings in County Court to have dower allotted in trust estate.
Trustee not bound by decree, if not made party to suit. The widow applied
to the County Court to have dower allotted in lands conveyed under
a deed of trust, but the trustee in whom was vested the legal title to
the lands, was not made a party, though he filed his petition to be
allowed to become a defendant to the proceedings. Held, he was a
proper party, and not being allowed to defend, was not bound by the
decree.

FROM LINCOLN.

Appeal from the Chancery Court.

The rulings in the first two head-notes of this case were reversed in the
same case, when it came up again at December Term, 1877.—REPORTER.

D. M. Perkins, Trustee, etc., *v.* Martha McDonald, *et als.*

Record cannot be found.

NICHOLSON, C. J., delivered the opinion of the Court.

The question in this case is, whether Martha E. McDonald, as widow of R. A. McDonald, is entitled to dower in a large quantity of land conveyed by him in 1865, to D. M. Perkins, as trustee, to secure various debts specified in the trust deed. The facts on which the question arises, are as follows: In 1865, McDonald executed the trust deed, and Perkins accepted the trust and took possession of the land. After several years of litigation, as to the validity of the trust deed, the result of which was, that the deed was held valid. Perkins, in 1870, applied to the Chancery Court to administer the trust in that Court, and in October, 1872, obtained a decree for the sale of the lands. The sale took place in December, 1872, and the sales of the larger portion were confirmed at the April Term, 1873, but as to a portion, amounting to six or seven hundred acres, the sale was not confirmed. But in 1868, McDonald became a voluntary bankrupt by regular proceedings in the Bankrupt Court, and all his effects were transferred by the Register in bankruptcy to D. W. Holman, as his assignee. In 1870, McDonald removed to Arkansas, and there died, in August, 1872, leaving his widow, Martha C., and an only son, Reuben A., surviving him. After the death of McDonald, his widow returned to Lincoln county, Tennessee, and on the 2nd of December, 1872, applied to the County Court to have dower allotted to her

in the lands conveyed to Perkins in the deed of trust. In this application the administrator of her husband, McKinney, and her minor son, were the only defendants. Perkins applied to be made a defendant, but his application was rejected, and commissioners were appointed, who allotted to her about 660 acres of the land, the · same being that portion of which the sale was not confirmed by the Chancery Court. Upon the issuance of a writ of possession by the County Court, and the commencement of an action of ejectment by the widow, Perkins, as trustee, and as a preferred creditor, filed the present bill, alleging that the decree of the County Court was not binding on him, because he had been refused permission to become a party to the proceeding, and insisting that the widow had no right to dower, because her husband became a voluntary bankrupt in 1868, and that his interest in the lands passed, by operation of the law, to D. W. Holman, his assignee in bankruptcy. Upon these allegations he obtained writs of injunction, restraining the widow from proceeding to take possession, and from the further prosecution of her action of ejectment. The widow and her minor child, and McKinney, administrator of her husband, were made defendants to this bill. Holman, the assignee in bankruptcy, was not made a party. The widow answered, insisting that the decree of the County Court was conclusive, and that her right to dower was in no way affected by the bankrupt proceedings in the case of her husband. She filed her answer as a cross-bill, in which

she prays for a decree setting up and confirming the action of the County Court. The cause was heard by Judge Hickerson, who held that the widow was not entitled to dower, and decreed a perpetual injunction against her ejectment suit. It is insisted, for the widow, that the decree of the County Court, allotting dower to her, is conclusive as to her rights, ·and she relies on it as *res adjudicata*.

By reference to the County Court record, it appears that Perkins, in whom was vested the legal title to the lands of the trust deed of 1865, was not made a party to the proceeding for dower in that Court. It appears, also, that upon filing his petition in that Court, to be allowed to become a defendant, his application was refused and his petition dismissed. He was, at least, a proper party, and not having been permitted to defend, he was not bound by the decree.

2. It appears that the trust deed was made in 1865, and that McDonald died in August, 1872, before there was any decree for the sale of the lands. Upon his death, no sale of land having taken place under the trust deed, the widow's right of dower immediately attached, by the plain language of §2399 of the Code. This provision of the law constituted part of the contract between McDonald and his trustee, Perkins, and the creditors, secured by a deed of trust, whereby they agreed to accept the benefits of the conveyance encumbered with the contingent right of dower in his wife. This contingent right was subject to be defeated by a sale under the trust deed, before the death

of McDonald. No such sale having been made, the widow's right became absolute upon the death of her husband. But it is insisted, for Perkins, that, after making the deed of trust McDonald became a voluntary bankrupt, whereby he was divested of all interest in the land, the same being vested in his assignee, and, therefore, that the legal effect of the bankruptcy of the husband was to defeat the right of dower in the widow. But the question arises, what right has Perkins, as trustee, or as creditor secured by the trust deed, to object to the widow's claim for dower? Perkins and the other secured creditors derive their title from McDonald, but their title is subordinate to the claim of the widow. She derives her title also from McDonald, and the law makes her a creditor to be preferred to all others.

By their contract with McDonald, Perkins and the beneficiaries in the deed agreed to hold the title in subordination to the claim of the widow to dower in the event McDonald should die before the land should be sold under the deed. They are, therefore, estopped, from disputing her superior title.

Whether the legal operation of the bankrupt proceeding was to vest all of McDonald's interest in that land in his assignee or not, is a question which none but the assignee can raise. It is clear, that the bankrupt proceedings could have no effect upon the rights of the beneficiaries in the trust deed, neither to enlarge nor diminish those rights. But the assignee in bankruptcy is not before the Court, and we

cannot know whether he sets up any claim inconsistent with the widow's dower or not. As the case is presented in the record, it is simply a question between the widow and the beneficiaries in the trust deed, and in that view the Statute clearly gives to the widow her dower in the land.

The decree of the Chancellor will be reversed and the cause remanded, that dower may be allotted under proper proceedings for that purpose, and for such other steps as the parties may elect. The costs of this Court and the Court below, will be paid by Perkins, as trustee.