Deadeeicxc, J.,
delivered the opinion of the court.
The record in this case, upon an agreed state of facts, presents the question whether the widow of an intestate, dying seized and possessed of real estate, is, under our laws, entitled to take both dower and homestead in said lands.
The circuit judge, to whom the question was submitted by agreement, so held, and the defendants, heirs at law of said intestate, have appealed to this court.
The right to dower is not questioned, but it is insisted that the later acts, passed since the adoption of the constitution of 1870, were intended to enlarge that right by pro *429 tecting the homestead to the value of $1,000, exempting it from forced sale, and protecting it from alienation by the husband, without the consent of the wife.
Art. 11, sec. 11, of the constitution, declares that “a homestead in the possession of each head of a family, and the improvements thereon to the value, in all, of one thousand dollars, shall be exempt from sale under legal process during the life of such head of a family, to inure to the benefit of the widow, and shall be exempt during the minority of their children occupying the same. Nor shall it be alienated without the joint consent of husband and wife,” etc.
Code, sec. 2114 a, contains the enactment of the second session of the legislature of 1870 [Acts 1870, ch. 80, see. 1. See now Shannon’s Code, sec. 3798], embodying substantially the provisions of the constitution above quoted. The act of 1873, ch. 98, sec. 1 [Shannon’s Code, see. 3808], directs that the homestead inuring to the benefit of a widow, shall be set apart as dower is set part, and by the same commissioners, and where she is entitled to both out of the same lands, the homestead shall first be set apart, and then one-tliird of the remainder in value, as dower, etc.
There is nothing in the provision of the constitution referred to, nor in any legislative acts subsequently adopted [passed], which can be held as qualifying or restricting the widow’s right to dower; while the act of 1.873 clearly recognized the right to both dower and homestead, and prescribes the mode in which both 'are to be assigned.
The hardships and apparent injustice suggested in the argument may, in some cases, arise under the law as we construe it. But we are of opinion that the right of dower is unaffected by any legislation creating a homestead, except as to the mode of its assignment prescribed by the act of 1873 — and the law giving the homestead is equally explicit — so that we are compelled to hold that the judgment of the circuit court is correct and must be affirmed.