SIMPSON *et als v.* POE *et als.*

HOMESTEAD.  *Against heirs.*  A widow whose husband died in 1871 is entitled to dower and homestead in the lands of her husband by sec. 6, act of 1870, Code, sec. 2119a, and that against the heirs of her husband or his assignee, as well as his creditors.

### FROM FRANKLIN.

Appeal from the Chancery Court at Winchester. L. METCALFE, Sp. Ch.

FRENCH, BRANNON and HURT for complainants.

TURNEY & SIMMONS for defendants.

FREEMAN, J., delivered the opinion of the court.

This case is submitted on "Easy Docket," with briefs agreeing the case shall be disposed of by the court.  Contrary to our usual practice, we decide it, as it is not difficult.

E. H. Poe died in 1871 leaving defendant and Sallie, his widow, with five legitimate children, most of whom, if not all, were minors.  Two of his sons have made conveyances of their undivided interests in the land of which their father died seized to a part of complainant in the original bill, who were attorneys, in payment for services to be rendered in defending them on criminal prosecutions.  The original bill is filed to have partition, so as to ascertain the shares conveyed.  The widow, Sallie Poe, claims on

her behalf, that she is entitled to dower and homestead out of the lands as against complainants. Dower is conceded, but the right to homestead is denied, and the Chancellor so decreed.

The question is the correctness of the Chancellor's decree as to homestead. The Chancellor's decree goes on the idea that, while the widow was entitled to homestead as against creditors, this bill being for partition among tenants in common, she was not so entitled as against her co-tenants, or the heirs of her husband or their assignees.

The act of 1870 was the law regulating the right of homestead at the death of the husband in 1871. By that act a homestead to the head of the family, of the value of one thousand dollars, was exempt from sale under the first section of the act for debts of the husband. By sec. 2, this was extended to equitable as well as legal estates. The next three sections provide for setting apart the homestead when the land is levied on by execution or attachment. The sixth section, Code, 2119a, provides: "The homestead exempt in possession of the husband, shall, upon his death, go to his widow during her natural life, with the products thereof, for her own use and benefit, and that of her family who reside with her, and, upon her death, it shall go to the minor children of the deceased husband, free from the debts of the father, mother, or said children; and upon the death of said minor children or child, or their arrival of age, the same may be sold and proceeds distributed amongst all of the heirs at law of the deceased head

of a family, according to the laws of descent and distribution.

The act of 1873 adds nothing to the rights of the widow, but only regulates the mode of assignment of both dower and homestead. By fair implication however it recognized the right to both as pre-existent by law in its provisions.

We hold, upon a fair construction of the sixth section of the act of 1870, Code, sec. 2119a, the widow is entitled to the homestead, after the death of the husband, for her own use as well as that of her family' who· remain with her, and that against the heirs as well as against creditors.

It was not intended by the Legislatures that the homestead should be divided or split up at the instance of an heir who might attain his majority. If the mother dies it still goes to the minor children, ·and is only to be distributed among the heirs on the death of such minor or on the arrival of the minor at majority. Until then it is to remain intact.

The assignees will be entitled to sell the remainder interest of their grantors subject to the homestead right.

A decree will be drawn in accordance with this opinion. Costs of this court will be ·paid by complainants, of the court below as directed by Chancellor.