MRS. ANNE MABRY, Administratrix et al. v. EARL MABRY, et al.

Middle Section. July 29, 1927.

No petition for Certiorari was filed.

1. **Appeal and error. Appellate court will examine all assignments of error whether contested or not.**

On appeal, although none of the assignments of error are replied to by appellee, it is the duty of the appellate court to examine the assignments of error and to adjudicate the rights of the parties.

2. **Dower. Widow cannot be compelled to accept money where dower and homestead may be set apart in kind.**

A widow cannot be compelled to accept a gross sum of money in lieu of dower and homestead, unless the real estate is so situated that homestead and dower cannot be set apart in kind.

3. **Homestead. Where the farm is mortgaged the widow may assume mortgage and is entitled to a sufficient number of acres equal in value to mortgage in addition to homestead.**

Where a widow requested that homestead and dower be set apart for her out of the home tract of 75 acres which was mortgaged and that she be permitted to assume the mortgage by having an additional number of acres sufficient in value to equal the amount of the mortgage allotted to her, held to be a proper demand and should be allowed by the court.

4. **Dower. A widow is entitled to have personal property applied to the payment of all debts including those secured by mortgage and liens.**

A widow is entitled to have her husband's personal property sold and the money applied to pay debts including those secured by mortgages on real estate in order that she may have a greater dower interest, as personalty is a primary fund for the payment of personal debts.

5. **Executors and administrators. A widow is not entitled to have debts secured by deeds of trust paid from proceeds of the sale of personal property to the exclusion of general creditors.**

Personal property is liable for the debts of the deceased and debts secured by deeds of trust on real estate are personal debts. A widow therefore has the right to have them included with other debts, so that they may be reduced and proportionally paid, thereby increasing her interest of dower but she has no right to demand that such secured debts be paid to the exclusion of other creditors.

Appeal from Chancery Court of Clay County; Hon. W. R. Officer, Chancellor.

Modified and affirmed.

D. B. Johnson of Gainesboro, for appellant, Mrs. Mabry.

O. B. Maxey and L. A. Webb, of Celina, and Harry L. Page, of Gainesboro, for appellee creditors.

W. D. Fiske, of Celina, guardian ad litem for minors.

CROWNOVER, J.  In this cause the widow, Mrs. Anne Mabry as administratrix and another filed a general creditors' bill, to wind up the estate of her husband J. A. Mabry, deceased, as the estate was insolvent, and made the children and heirs at law of her husband, the Bank of Celina and the Federal Land Bank of Louisville, and others defendants. She also, as widow in her own right, asked that homestead and dower be set apart to her in kind out of the home tract of seventy-five acres, and that the balance of the personalty and realty be sold and that the proceeds be applied to the mortgage and vendor's lien debts, to the exclusion of the general creditors so that she might receive a larger dower interest.

The personal assets of said estate after allowing the widow's exemptions and year's support, amounted to the sum of $800 or $900, which included fifty shares of stock of the par value of $250. The

realty consisted of three tracts of land, one tract of seventy-five acres known as the home tract, worth $6,000 or $8,000, encumbered by a mortgage to the Federal Land Bank of Louisville, another known as the Knob Creek tract, worth $4,000 or $5,000, encumbered by a vendor's lien note due D. W. Mabry of $1,000 and interest, and a third tract of fifty acres in which J. A. Mabry owned one-half interest for which he paid $250, and the decedent owed other debts to general creditors in the aggregate of more than $12,000.

The decedent had borrowed $5,000 from the Federal Land Bank of Louisville on May 17, 1918 and executed a mortgage on two tracts of land to secure the same, one being the home tract of seventy-five acres, and the other being the McColgan tract of seventy-five acres, on the amortization plan, at five and one-half per cent interest, evidenced by notes of $162.35 payable semiannually, the last of which will become due on February 1, 1953.

Thereafter J. A. Mabry sold and conveyed the seventy-five-acre McColgan tract to Turner Cherry and he assumed $2,000 of said mortgage to said Federal Land Bank, which left $3,000 of said mortgage to be paid by the decedent. Payments had been made on said mortgage and the estate owed, on February 1, 1926, only $2,763.60.

The deceased had purchased the Knob Creek tract from J. A. Mabry on July 16, 1919, and owed a balance of $1,000 and interest, which now amounts to almost $1,500, and an express vendor's lien was retained to secure the same.

The Federal Land Bank of Louisville answered and filed a petition, setting up its mortgage of $5,000, less credits, but insisted that it had not agreed to any division and apportionment of its mortgage between the deceased and Cherry, but it appears from the petition that it is immaterial to that bank whether the mortgage be paid now or that the land be sold subject to the mortgage and its rights preserved.

The Chancellor sustained the bill as a creditors' bill and ordered all the lands, except the McColgan tract sold, and directed the vendor's lien debt be paid out of the proceeds of the sale of the land, and then decreed that the widow was entitled to homestead and dower out of the balance of the proceeds of the realty.

The widow alone appealed, and has assigned errors in which she insists upon the allotment of homestead and dower in kind out of the home tract of seventy-five acres, subject to said mortgage, and that the balance of the personalty and realty be sold and the proceeds applied to the mortgage and vendor's lien debts to the exclusion of the general creditors so as to increase her dower interest. None of the defendants or creditors have replied to the assignment of errors.

However it is our duty to examine the assignment of errors and to adjudicate the rights of the parties.

After an examination of the record, we are of the opinion that there is nothing in the case to prevent the setting apart of homestead and dower to the widow in kind, as there is no contention that the realty is so situated that homestead and dower cannot be set apart in kind. The widow cannot be compelled to accept a gross sum of money in lieu of dower and homestead, unless the real estate is so situated that homestead and dower cannot be set apart in kind. See Shannon's Code, 4145; Summers v. Donnell, 7 Heisk., 565, 567; Prichett v. Kirkman, 2 Tenn. Chy., 392. The widow is entitled to dower in one-third part of the lands of which her husband was the equitable owner. Code, 4139.

The widow wants homestead and dower set apart to her out of the home tract of seventy-five acres, and that she be permitted to assume the mortgage, by having an additional number of acres allotted to her sufficient in value to equal the amount of the mortgage. We can see no objection to this as the creditors cannot complain. Fauver v. Fleenor, 13 Lea, 622; Hudson v. Conway, 9 Lea, 410; 19 C. J., 483, 491; 10 Amer. & Eng. Ency., of Law, 2 Ed., 164-166.

It is further insisted by the widow that the proceeds of all the personalty and the balance of the realty be applied to the mortgage and vendor's lien debts to the exclusion of the general creditors so that she may receive a larger dower interest. She insists that the mortgage and vendor's lien debts are personal debts of the decedent, and that the personalty is a primary fund for the payment of debts, and that her rights are superior to the general creditors, therefore the proceeds of the balance of the personalty should be applied to these lien debts to the exclusion of the general creditors.

It is true that the personalty of a decedent is a primary fund for the payment of personal debts, but we cannot assent to the proposition that she is entitled to have all of the personalty applied to the lien debts only.

It has been held by our Supreme Court that the heir as against the distributee is entitled to have the personal estate of the intestate applied in the extinguishment of liens upon lands descended for purchase money or mortgages which the intestate agreed to pay. Personalty of a decedent is the primary fund for the payment of personal debts, and land shall be subject as auxiliary to the personalty. And where the land that descended to the heir has been sold for the payment of a vendor's lien note, or in satisfaction of a mortgage, the heir had a right to be reimbursed for such sum out of the personalty of the deceased. O'Connor v. O'Connor, 88 Tenn., 76, 12 S. W., 447; Surety Co. v. Grace, 151 Tenn., 575, 581; 271 S. W., 739.

The same is true with respect to the widow's rights of homestead and dower. The rights of the widow to homestead and dower are superior to the claims of general creditors of her deceased husband, and as the decedent's personal estate is the primary fund for the payment of all his debts, including his personal debts that are liens on his land, if the lien creditors subject the land to the payment of their lien debts, without resorting to the personalty for payment, the widow is entitled to be substituted or subrogated to the rights of such lien creditors for reimbursement out of the personalty for the loss of homestead and dower in the land so subjected to the payment of the lien debts, notwithstanding the insolvency of the personal estate. The widow is entitled to dower and homestead not only out of the surplus arising from the sale of the realty in satisfaction of liens but out of the surplus augmented by the pro ratas to which the lien creditors were entitled out of the personal assets of the insolvent estate. In other words, the widow is entitled to be subrogated to the rights of the lien creditors in the balance of the personal assets to the extent said lien creditors would have shared had they filed their claims against the personal estate. See Whitmore & Kendall v. Rascoe, 112 Tenn., 621, 85 S. W., 860.

It was held, a long time ago, that the widow's right of dower in the lands of which her husband died seized and possessed is superior to the rights of the general creditors. See Combs v. Young, 4 Yerg., 218; Atwater v. Butler, 9 Baxt., 301. But this does not mean that she is entitled to have all of the personal assets applied on the lien debts to the exclusion of the general creditors where the estate is insolvent and there are many general creditors. What it means is that personalty is a primary fund for the payment of personal debts, and that mortgage or lien debts expressly agreed to be paid by the deceased are personal debts although secured by the realty, and that she has a right to require these lien creditors to participate in the fund like any other general creditor. If they collect pro ratas out of the personal assets this would naturally cut down the amount of their lien debts against the realty, hence the widow is entitled to have the pro ratas going to them credited on the lien debts. See Whitmore & Kendall v. Rascoe, supra; Flynn v. Flynn, 1 Tenn. App. Rep., 188.

It is next insisted by the widow that the balance of the realty be sold and the proceeds applied on the mortgage and vendor's lien debts before the allotment of dower. The Chancellor ordered that the vendor's lien debt be paid out of the proceeds of the sale of the balance of the realty. In this, we think he was right, but if the homestead and dower is set apart subject to the mortgage as contended by the widow, then the proceeds of the sale of the realty should not be applied on the payment of the mortgage.

Hence we hold that the widow is entitled to homestead and dower to be set apart in kind out of the seventy-five-acre tract as provided by law, and that she may assume the mortgage by having an additional number of acres of value equal to that of the mortgage set apart to her in fee out of said·tract. In other words, the commissioners in allotting homestead will also allot to her in fee an additional amount of the said tract of value equal to that of the mortgage.

We further hold that she is entitled as dower to one-third in value of all the remaining lands after allotting homestead and deducting the amounts of the remainder of the mortgage and vendor's lien debts less the pro ratas to which the mortgage and lien creditors are entitled out of the personal assets had they resorted to the personalty as a primary fund for the payment of these debts.

The mortgage and vendor's lien debts are superior to the widow's right of dower, and she cannot have dower in that part of her husband's estate required to pay the purchase money and the mortgage; her right to dower is restricted to one-third for life of the surplus after satisfying the mortgage and vendor's lien. See Boyd v. Martin, 9 Heisk., 385; White v. Fulghum, 87 Tenn., 281, 10 S. W., 501; Flynn v. Flynn, supra.

Nothing in this opinion will be construed so as to interfere with the rights of the mortgagee Federal Land Bank, and its rights are preserved, nor is the right of the creditors to the remainder interest in the homestead and dower lands restricted.

It results that the assignments of error are sustained as hereinabove set out. The decree of the Chancellor is modified to this extent, and the case is remanded to the chancery court of Clay county for the allotment of homestead and dower in kind as herein decreed. The cost of the appeal is decreed against the estate of J. A. Mabry, deceased, for which execution may issue, but the cost of the cause will await the final termination of the cause in the court below.

Faw, P. J., and DeWitt, J., concur.