DUNCAN *v.* GREER *et al.*

(*Knoxville,* September Term, 1938.)

Opinion filed November 25, 1938.

SUSONG, PARVIN & FRAKER, of Greeneville, for complainant.

CHARLES E. McNABB and POORE, KRAMER & COX, all of Knoxville, for defendant F. M. Greer.

GAMBLE and GODDARD, of Maryville, for defendant remaindermen Bales *et al.*

MR. JUSTICE McKINNEY delivered the opinion of the Court.

The bill seeks a partition, or a sale for partition, of a lot in the town of Newport on which is located a three-story brick store building.

George C. Duncan, the husband of complainant, died testate in August, 1931. At the time of his death he and the defendant, F. M. Greer, owned said property in equal moieties as tenants in common.

Complainant dissented from the will of her husband, and his one-half interest in said property was assigned to her as dower. The remainder interest therein, under the will of George C. Duncan, was vested in Mrs. Annis Beals, Joseph D. Beals and Mrs. Minta Hackney. All parties who own any interest in this property are adults and are before the court.

F. M. Greer demurred to the bill upon the ground that complainant is not vested with such title or estate in the

property as would permit her to maintain this suit for partition or a sale for partition.

The remaindermen, referred to above, demurred upon the same ground.

The chancellor overruled both demurrers, and granted the appeal prayed for by the parties. Greer alone appealed.

The only question before the court is whether Greer is in a position to oppose the relief sought by his cotenant, Mrs. Duncan.

The pertinent sections of the Code are as follows:

9165. "Any person having an estate of inheritance, or for life, or for years, in lands, and holding or being in possession thereof, as tenant in common or otherwise, with others, is entitled to partition thereof, or sale for partition, under the provisions of this chapter."

9166. "The fact that the premises are subject to a life estate by dower or curtesy, or to an encumbrance by mortgage or otherwise, will not affect the right."

9167. "Nor will the fact that some of the joint owners are infants, and that it is to their interest that the property should not be partitioned; nor that the several estates and interests of the parties' are altogether different and distinct."

9195. "The partition thus made is conclusive:

"(1) On all parties named in the proceedings who have at the time any interest in the premises divided, as owners in fee or as tenants for years or as entitled to the reversion, remainder, or inheritance of such premises after the termination of any particular estate therein; or who by any contingency in any will, conveyance, or otherwise, may be or may become entitled to any beneficial interest in the premises; or who shall have any interest

in any individual share of the premises, as tenants for years, for life, by the curtesy, or in dower.

"(2)   On all persons interested in the premises who are unknown, to whom notice has been given by publication, as hereinbefore directed.

"(3)   On all persons claiming from such parties or persons, or either of them."

9196.   "Such judgment and partition will not affect any tenants, or persons having claims as tenants, in dower, by the curtesy, or for life, to the whole of the premises, nor preclude any person, except those specified in the last section, from claiming any title to the premises, or from controverting the title or interest of the parties between whom the partition has been made."

9197.   "Any person entitled to a partition of premises, under the foregoing provisions, is equally entitled to have such premises sold for division, in the following cases:

"(1)   If the premises are so situated that partition thereof cannot be made.

"(2)   Where the premises are of such description that it would be manifestly for the advantage of the parties that the same should be sold instead of partitioned."

9209.   "The court may, with the assent of the person entitled to an estate in dower, or by curtesy, or for life, to the whole or any part of the premises, who is a party to the proceedings, sell such estate with the rest."

■   The first quoted section authorizes partition, or sale for partition, in all cases where any person having an estate of inheritance, or for life, or for years, in lands, and holding or being in possession thereof, as tenant in common or otherwise, with others. The words "being in possession" does not imply actual possession, but

only that there should be no adverse inconsistent possession. *Bierce* v. *James,* 87 Tenn., 538, 11 S. W., 788.

■ Complainant, therefore, has a life estate in one half of this property, and holds same as a cotenant with Greer, they being equally entitled to the possession thereof. In such circumstances the statute expressly authorizes either party to have the property partitioned.

Our partition statutes are substantially the same as they appear in the Code of 1858, and they have been analyzed and construed by this court at some length in *Bierce* v. *James, supra,* and in *Holt* v. *Hamlin,* 120 Tenn., 496, 111 S. W., 241. As illustrative of this right of partition in the circumstances of this cause it is only necessary to quote a brief excerpt from the opinion in the last-named case, to wit [page 512]: "This idea of concurrent possession may be thus illustrated: Two or more persons holding in fee, which is the common case; two or more holding for life, and a third person holding a part of the same tract in fee (*Rutherford* v. *Rutherford,* 116 Tenn., 383-386, 92 S. W., 1112, 115 Am. St. Rep., 799); two or more holding for years; one holding an undivided interest in fee, and another an undivided interest for life, with remainder to a third person in fee (*Freeman* v. *Freeman,* 56 Tenn. (9 Heisk.), 301). Either one of the persons so situated may have a partition when the land is susceptible of it, or a sale for division when the requisites therefor are made to appear, subject to the qualification that, where the purpose of the bill is to effect a division between persons whose estates are less than a fee, a sale cannot be had of all the interests in the land unless it be made to appear that such sale would be beneficial to all. *Rutherford* v. *Rutherford, supra.*"

■ There are several instances in which one owning an interest in real estate may not have partition. For example, in *Holt* v. *Hamlin, supra*, it is said:

"But the statute does not contemplate a bill filed by the life tenant of the whole premises against those in reversion or remainder for the purpose of effecting a sale, in order that he may have his life estate valued and paid to him in money."

The underlying principle which denies partition to a life tenant of an entire property against the remaindermen is that there is no concurrent possession or right to possession.

On the other hand, the statute expressly provides that the remaindermen cannot have a sale of the life estate, along with their interest in the land, without the consent of the owner of the life estate. *Helmick* v. *Wells*, 171 Tenn., 265, 102 S. W. (2d), 58.

If complainant had been vested with a life estate in the whole property, then clearly she would be entitled to no relief. In that event there would have been no joint possession with others. But where the right of possession is joint either tenant can maintain a suit for partition.

In 20 R. C. L., 716, it is said:

"The object of partition proceedings is to enable those who own property as joint tenants, or coparceners or tenants in common, to put an end to the tenancy so as to vest in each a sole estate in specific property or an allotment of the lands or tenements. It contemplates an absolute severance of the individual interests of each joint owner, and, after partition, each has the right to enjoy his estate without supervision, let, or hindrance from the other. Unless this can be accomplished, then

the joint estate ought to be sold, and the proceeds divided. Courts should be, and are, adverse to any rule which will compel unwilling persons to use their property in common. The rule of the civil as of the common law, that no one should be compelled to hold property in common with another grew out of a purpose to prevent strife and disagreement. And additional reasons are found in the more modern policy of facilitating the transmission of titles, and in the inconvenience of joint holding.''

In the cause under consideration it is alleged in the bill that complainant and defendant Greer are unable to agree as to the use and possession of said building; hence the necessity for a partition, or a sale for partition, in order that each may enjoy his or her estate without let or hindrance of the other.

We think our statutes authorize the relief sought. It follows that the decree of the chancellor will be affirmed and the cause remanded for further proceedings.