OLLIE JAMES CRIPPS et al.

*v.*

MRS. WILLIE JAMES CRIPPS.

(*Nashville*, December Term, 1956.)

Opinion filed May 3, 1957.

STOCKELL, RUTHERFORD & CROCKETT, Nashville, for appellant.

DENNEY & LEFTWICH, and VADEN M. LACKEY, JR., Nashville, for appellees.

MR. JUSTICE BURNETT delivered the opinion of the Court.

This suit presents the single question, to-wit: May a Chancery Court order the sale of a house and lot for a partition upon the petition of the remaindermen when

the widow is entitled to homestead and dower and does not consent thereto?

The answer to this question has apparently caused some confusion because the answer is one of those yes, but answers. The bill was filed by the children of Willie James Cripps, deceased, against his widow for the purpose of having the real estate left by the deceased sold and the "homestead and dower assigned out of the profits thereof, and the remainder divided equally between complainants."

It is alleged in the bill that the property is not susceptible of being partitioned in kind, that it is a small house and lot situated in Nashville, worth about $4,000. This was the only property owned by the husband when he died. In the absence of an allegation to the contrary this property was his residence.

The widow demurred to the bill on the ground that she is entitled to homestead and dower in real estate as is alleged in the bill and that it does not appear that she has consented to or given her assent to the sale and that therefore her homestead and dower interest in said property cannot be sold and she reimbursed therefor out of the profits of the sale. The demurrer is based upon Section 23-2135, T.C.A. Insofar as here applicable, this section provides:

"The court may, *with the assent* of the person entitled to an estate in dower or by curtesy, or for life, *to the whole or any part of the premises,* who is a party to the proceedings, sell such estate with the rest * * *." Emphasis ours.

It is noted that this section of the Code provides that the court in instances where a person is entitled to dow-

er, curtesy or an estate for life, sell said property if that person "assent" to the sale. This Code Section means that the person having any one of these interests *"to the whole or any part of the premises"* must assent to the sale before the court may order a sale of this interest. There is nothing in the section to cause one to believe and conclude that the court might order a sale of these interests as set out in the section if it appears that the person only owns a part of the property and not the whole. The provision of the statute clearly is that if the person has "an estate in dower, or by curtesy, or for life, *to the whole or any part of the premises* * * *" that then they must consent to the sale of that before the court can order a sale.

The meaning ascribed to this language becomes more pronounced when we read the preceding Sections, to-wit: 23-2121, 23-2126 and 23-2127, T.C.A., which provide for partition of various estates, including dower, both before and after these interests are fixed.

Section 23-2127, T.C.A., provides that "judgment and partition will *not affect* * * * tenants, in dower, * * * *to the whole of the premises,* * * *." It is to this section and Sections 23-2126, 23-2121, that the language of the court immediately following that quoted from *Bierce v. James,* 87 Tenn. 538, 11 S.W. 788, applies and not to Section 23-2135, which is here relied on and pleaded.

This Court in *Holt v. Hamlin,* 120 Tenn. 496, 111 S.W. 241, 246, in commenting on and analyzing these sections together has said:

"It is perceived from the parts of the two sections which we have indicated by italics that a difference is

made between the case of one who holds an estate for life 'in any individual share of the premises' and one who owns such an estate 'in the whole of the premises'; the former being bound, and the latter not bound. This clearly indicates that one who owns a life estate in the whole of the premises does not enter into the scheme of partition at all; that such one is neither entitled to its benefits nor subject to its burdens. Is the same rule found operative, when we reach the sections which permit sales for division in lieu of partition in kind and regulate the practice?''

The Court then quotes the Code Section here plead (23-2135) and the two following sections (23-2136, 23-2137) and says:

''When we compare these sections with the preceding ones which we have quoted, it is observed that, while an estate for life in the whole of the premises does not and cannot enter into the scheme of partition at all, yet it may enter into the scheme of a sale for division, *but only in a qualified way. This can only be with consent of the life tenant, when that person is one sui juris.* When the life tenant is a person under disability, the court will determine under all the circumstances, and, taking into view the interests of all the parties, whether such estate ought to be excepted from the sale or should be sold.

''The same rule applies when the life tenant is unknown. This does not mean that a life tenant, by consenting to a sale of the property through a bill brought by him for that purpose, can force a sale. We do not doubt that any one of the owners in remainder or re-

version could bring a bill for sale of property against his co-tenants in reversion or remainder, *and the life tenant, and with the assent of the latter, if a person sui juris,* have the land sold, if for the benefit of all; nor do we doubt that, where the life tenant is a person under disability, that person could be made a defendant in the supposed bill, and the court would order the land sold, if for the benefit of all, even though the life tenant should be incapable of giving assent, because of disability, or because not known.

"But the statute does not contemplate a bill filed by the life tenant of the whole premises against those in reversion or remainder for the purpose of effecting a sale, in order that he may have his life estate valued and paid to him in money. The sale of a life estate covering the whole premises is a mere incident to the right of persons in remainder or reversion to have their interests sold for division, *and will not be granted against the life tenant unless he consent,* if capable of consenting, and if he is not capable of giving consent the court will not consent for him, unless it can see that such sale would be to his interest. Any other rule would result in taking the property of one private person and subjecting it to the use of another, and be a violation of the Constitution." Emphasis ours.

█ The answer to the question posed at the outset hereof is: The court can sell the land but if the land is sold it must be sold subject to the dower and/or homestead, in this particular case, and that this dower and homestead is not sold unless the person having dower

and homestead consents thereto. In *Helmick v. Wells,* 171 Tenn. 265, 102 S.W.2d 58, this Court said just that when it said:

"If the tract be sold for division, Wells' life estate in the interest of complainant and his brothers could not be included in the sale without his consent."

We have today released the case of *Stanton v. Boatright,* Haywood Equity, 202 Tenn. 85, 302 S.W.2d 347, in which we deal at length with other aspects of dower and recognize the height dower stands in our jurisprudence. We have cited cases, statutes, etc., of this State to support our conclusions. We refer to this opinion for some of the reasons why the statute (23-2135, T.C.A.) here invoked has remained the statutory law of this State for three-quarters of a century. We see no reason to again say what we have said in the Stanton opinion. We will confine this opinion to the only statute here pleaded and our interpretation thereof, applying past decisions which have dealt with this statute (23-2135, T.C.A.).

The principle that a bill might be filed by the remaindermen against the life tenant for sale of the land for partition or division of the proceeds was recognized by this Court in 1908 but it was said that such a bill and sale could only be had with the assent of the life tenant. *McConnell v. Bell,* 121 Tenn. 198, 114 S.W. 203, 130 Am. St.Rep. 770.

The language of the Court on page 209 of the Tennessee Report 7, on page 206 of 114 S.W. being that the bill:

"can be maintained by the reversioners or remainder-

men for the sale of a life estate only with the assent of the life tenant."

Our partition statutes are substantially the same as they appear in the Code of 1858. They have been construed and analyzed by this Court at some length in *Bierce v. James, supra, Holt v. Hamlin, supra,* and in *Duncan v. Greer,* 173 Tenn. 555, 121 S.W.2d 564.

In *Bierce v. James,* supra, this Court said, after quoting what is now Section 23-2135, T.C.A., that [87 Tenn. 538, 11 S.W. 791]:

"The two sections last cited clearly imply, *and treat it as a matter of course,* that the partition procedings may be for the partition of land, all of which is covered by a dower, tenancy by the curtesy, or other estate for life, and make provision for the sale of such life-estate when *"assented to' by the life-tenant,* and also for the disposition of such an estate in such suit for partition when the life-tenant is incapable of assenting, as in consequence of minority, insanity, or otherwise." Emphasis ours.

The case of *Duncan v. Greer, supra,* is relied on by the appellees. This opinion goes into some length in setting forth just when a sale for partition may be had. In that case the widow had been assigned a portion of property which was held as tenants in common and she sought the sale. The Court fully sets forth the various instances in which a sale might be had but the question here presented of the necessity of the assent of the widow was not before the Court and that question was not passed on. The Court though in that case did recog-

nize the principle here invoked by the widow when this Court said [173 Tenn. 555, 121 S.W.2d 566] :

"On the other hand, the statute expressly provides that the remaindermen cannot have a sale of the life estate, along with their interest in the land, without the consent of the owner of the life estate."

■ It is argued that Sections 23-2101, 23-2102, T.C.A., which are in the same chapter as the section relied upon by the widow herein which requires her assent (23-2135, T.C.A.), permits the sale of dower, curtesy, life estate, etc. Both of these sections were before the Court in *Duncan v. Greer, supra,* and it is true that they do permit such a sale. These sections though are subject to the assent or the consent of the widow before her interests may be sold. *Holt v. Hamlin, supra.* As said heretofore these sections permit a sale but the sale would have to be made subject to the widow's rights when she has not consented thereto.

This was the clear holding of this Court in *Helmick v. Wells, supra,* and these same two sections of the Code were before the Court at that time. Clearly under statutory construction these sections along with the section here relied upon by the widow must be read together. Sutherland Statutory Construction, 3rd Edition, Vol. 2, Sec. 5201. The Legislature when it enacted them had the provision before it to protect the widow which required her assent before this sale should be made. If it was intended that these sections of the Code override that requiring the assent of the widow clearly the Legislature would have just repealed that section which requires her assent. All of these sections of the Code have been on our statute books for more than 75 years and

the Legislature has never seen fit to change them during that time.

It is likewise argued that Section 30-912, T.C.A., takes priority over the section of the Code here relied on by the widow. It being argued that Section 30-912 was enacted two years after the case of *Summers v. Donnell*, 54 Tenn. 565, was handed down and that this section of the Code was probably passed to meet the situation there. We do not think so. It must be remembered that all of these sections of the Code have been in one Code after another for the last 75 years. The same reasoning applies to this section is given immediately preceding this. This statute, Section 30-912, T.C.A., only regulates the mode of assignment of both dower and homestead and it adds absolutely nothing to the rights of the widow. *Lovelace v. Lovelace*, 1 Tenn.Cas. 428; *Simpson v. Poe*, 69 Tenn. 701.

"When there is an irreconcilable conflict the special or specific provision supersedes, controls and prevails over the general or broad provision". *Trotter v. City of Maryville*, 191 Tenn. 510, 235 S.W.2d 13, 18.

Section 23-2135, T.C.A., is "special" and "specific".

As said at the outset, the single question here is, may the remaindermen force a sale of the property and give the widow her homestead and dower rights in money from the sale thereof without her consent. Our answer, which is clear to us, is that the Court may not sell said interests without her consent. The question of whether or not the widow may waive her right to homestead and demand an assignment of dower, etc., are not involved in this lawsuit. There is no question though but that the

widow may waive her right to homestead and demand an assignment of dower so as to include the residence of her husband without regard to valuable improvements. *Clark v. Bullen,* 147 Tenn. 261, 270, 247 S.W. 107; *Whitehead v. Brownsville Bank,* 166 Tenn. 249, 61 S.W. 2d 975. Other questions are collateral to the question herein and are not in point.

This Court clearly held in *Helmick v. Wells, supra,* that the owners of interest similar to those filing this bill, in seeking this sale in lands subject to a tenancy by the curtesy could not oust a tenant by the curtesy of his right of possession of his interests without his consent by a partition or sale for division or procure a decree ordering sale of his life estate along with other interests in land for division without his consent in view of the provisions of the section here relied upon by the widow, 23-2135, T.C.A.

This being our view of the matter, we think that the Chancellor erred in overruling the demurrer. The demurrer, insofar as the sale of the widow's homestead and dower, should have been sustained. The property may be sold for partition but if so it must be sold subject to the widow's homestead and dower, that being the only question involved in this case. The decree below is reversed and the cost taxed against those bringing the suit.

PREWITT, JUSTICE (dissenting).

The bill in this cause was filed by Ollie James Cripps and Martha Mai Cripps Neighbors against Mrs. Willie James Cripps, reciting that Willie James Cripps died intestate leaving a son, Ollie James Cripps, and a daugh-

ter, Martha Mai Cripps Neighbors, as his only heirs at law and his widow, the defendant, Mrs. Willie James Cripps, who is entitled to homestead and dower in said real estate and that her two children are entitled to the remainder interest therein; that said property is not susceptible of being partitioned in kind, and that dower and homestead be assigned to the defendant widow in cash out of the sale of the property.

It appears that this small house and lot in Nashville is worth about $4,000. The defendant, widow, demurred to the bill on the ground that she is entitled to homestead and dower in the real estate sought to be partitioned herein, and it does not appear from the bill that she has consented to the sale for partition or agreed thereto, and said property cannot under Section 23-2135 of the Tennessee Code Annotated be sold for partition without her consent.

The Chancellor overruled the demurrer and allowed an appeal to this Court.

The only question presented on the appeal is whether the chancery court may order the sale for partition of this house and lot, upon the petition of a brother and sister, children of the deceased, who own either the entire interest in the property, as tenants in common, or the entire remainder interest, as tenants in common, and two-thirds of the life estate, as tenants in common, subject to a homestead. It is admitted that the property cannot be partitioned in kind.

The defendant, widow, relies upon Code Section 23-2135:

"The court may, with the assent of the person entitled to an estate in dower, or by curtesy, or for life to the whole or any part of the premises, who is a party to the proceedings, sell such estate with the rest."

Code Sections 23-2101 and 2102 provide as follows:

"23-2101. * * * Any person having an estate of inheritance, or for life, or for years, in lands, and holding or being in possession thereof, as tenant in common or otherwise, with others, is entitled to partition thereof, or sale for partition, under the provisions of this chapter."

"23-2102. * * * The fact that the premises are subject to a life estate by dower or curtesy, or to an encumbrance by mortgage or otherwise, will not affect the right."

Code Section 30-912 provides as follows:

"30-912. * * * Where a widow is entitled to both homestead and dower out of the same lands, the commissioners shall set apart the homestead first, and then one-third (1/3) of the remainder of such lands as dower, and if the real estate is so situated that the homestead and dower cannot be set apart in kind, as herein provided, then such realty shall be sold, and one thousand dollars ($1,000) of the proceeds thereof invested in real estate for the benefit of said widow and minor children, under the direction of the court having jurisdiction, to be held as a homestead subject to the law governing homesteads, and dower shall be assigned out of the residue of said proceeds."

I think it is true that where a tenant owns the life

estate in the entire property it cannot be sold without his consent, *Helmick v. Wells,* 171 Tenn. 265, 102 S.W.2d 58, but where it appears that one owns a part of the property it may be partitioned, or sold for partition, if it is not susceptible of being partitioned in kind.

In the present case complainants are either tenants in common of the entire estate or they are tenants in common of the remainder, and the defendant, who seeks to prevent the partition has an unassigned dower interest. This is a case in which there is joint possession and is a proper case for partition.

Defendant relies upon the case of *Summers v. Donnell,* 54 Tenn. 565, which holds that a widow is entitled to dower in kind, and it cannot be sold without her consent.

However, this case was decided in 1871, and the Legislature, by Chapter 98, Acts of 1873, provided for the sale of the homestead and dower right where they could not be set apart in kind. See T.C.A. sec. 30-912; *Mabry v. Mabry,* 5 Tenn.App. 307, 310. Section 23-2135, T.C.A., was carried in the Code of 1858, and evidently Section 30-912, T.C.A. was enacted to meet the situation resulting from the decision in *Summers v. Donnell, supra.*

The defendant also relies on the case of *Helmick v. Wells,* 171 Tenn. 265, 102 S.W.2d 58.

In that case the Court held that owners of interests in land subject to tenancy by curtesy could not oust a tenant by the curtesy of his right of possession of his interest, without his consent, by partition or sale for division, or procure a decree ordering sale of his life estate, along with other interests in land, for division.

In that case it appears that R. P. Wells and his wife, now deceased, acquired about fifty acres of farm land situated in Maury County, Tennessee, as tenants in common; that they had one child, Sarah Wells, who married one Tom Helmick, and three children were born of that marirage, to-wit, the complainant, W. R. Helmick, and the minor defendants, J. D. and W. H. Helmick. Sarah Wells Helmick died prior to the filing of the bill herein.

In that cause the Court said:

"R. P. Wells is the owner in fee of a one-half undivided interest in the land in question, and the three children of Sarah Wells Helmick own in fee the other one-half undivided interest, subject to the curtesy estate of R. P. Wells.

"Complainant seeks by his bill a sale of the land for partition, including the curtesy estate of Wells.

"Wells demurred to the bill on the ground that complainant was not entitled to a sale of his life estate without his consent. The chancellor overruled the demurrer and allowed an appeal to this court.

"Section 9209 of the Code is as follows: 'The court may, with the assent of the person entitled to an estate in dower, or by curtesy, or for life, to the whole or any part of the premises, who is a party to the proceedings, sell such estate with the rest.'

"Wells has not consented to a sale of his life estate; on the contrary, he resists such sale. In the absence of such consent, a decree ordering the sale of the life estate, along with the other interests in the land, for division, would be in violation of section 9209 of the Code, and therefore void. As tenant by the curtesy of

the one-half undivided interest of complainant and his two brothers in the land in question, he cannot be ousted of his right of possession of such interest by partition or sale for division. The fact that the one-half undivided interest of complainant and his brothers is subject to the life estate of Wells does not affect their right to partition or sale for division. Code, secs. 9165 and 9166. If, however, the land be partitioned in kind, the one-half interest set aside to complainant and his brothers would be subject to the right of possession of Wells as tenant by the curtesy. If the tract be sold for division, Wells' life estate in the interest of complainant and his brothers could not be included in the sale without his consent.

"The chancellor was in error in overruling the demurrer in so far as it challenged the right of complainant to a sale of the life estate of Wells. We are constrained, therefore, to reverse the decree and remand the cause."

In the present cause to allow the widow to claim as homestead and dower the $4,000 or real estate involved as her homestead would go beyond the contemplation of our law.

I think under Code Section 30-912 that the widow would be entitled to the first $1,000 from the proceeds of sale and one-third of the balance in the proceeds of sale as homestead and dower respectively, and to be invested under the direction of the court and pay the widow the income on said funds during her lifetime.

To say that the widow, in the present case, was entitled to a life estate or homestead and dower in kind in the

house and lot valued at $4,000 would, according to the provisions of our laws, give her a property interest in excess of that allowed by the plain provisions of the statutes.

Suppose for instance, the house and lot in question should be worth $25,000 or $50,000?

In such a case if the widow were allowed to hold this for the balance of her life it would give her an advantage not contemplated by law. On the other hand the husband, where a living issue has been born during wedlock, is by our laws, entitled to a life estate in all of the property of his deceased wife regardless of value.

In the present cause we think Section 30-912 of the Code applies rather than Section 23-2135.

Reference has been made in the consideration of the case to Tennessee Code Annotated Section 31-604. However, this section too was carried into the Code of 1858, and if there is a conflict between this section of the Code and said Code Section 30-912, enacted in 1873, the latter section must prevail. However, said Section 31-604 seems to contemplate a situation where there are several parcels of real estate, and in such cases the commissioners may take from the other parcels in value and add to the dower right so as to give the widow the dwelling house.

It is urged that in *Re Moore's Estate,* 34 Tenn. App. 131, 234 S.W.2d 847, and *Whitehead v. Brownsville Bank,* 166 Tenn. 249, 61 S.W.2d 975, supports the above insistence that T.C.A. sec. 31-604 applies. However, a reading of these two cases show that in each case there were

several pieces, or parcels of real estate, out of which the widow was entitled to a dower. In such case the widow is entitled to a statutory preference in the selection of her dower right. We have no such situation in the present case.

There appears no reason why the Legislature could not increase the dower and homestead interest of the widow in case it saw fit to do so. If widows are to be given more property rights than the statutes set out, then this is a legislative function, and not for the Courts.

It therefore results that I am of the opinion that the Chancellor was correct in overruling the demurrer of the defendant. I therefore respectfully dissent from the majority opinion.