RUBY STANTON et al

*v.*

BEATRICE BOND BOATRIGHT

(*Jackson,* April Term, 1957.)

Opinion filed May 3, 1957.

MURRAY & MURRAY, Jackson, L. K. MATHERNE, Brownsville, for appellants.

BOND & HAYWOOD, Brownsville, for appellee.

MR. JUSTICE BURNETT delivered the opinion of the Court.

The single question in this lawsuit is whether or not a widow is entitled to have her dower set apart to her in kind out of a 90 acre tract of land, as provided by law, and assume the mortgage by having an additional number of acres of value equal to that of the mortgage set apart to her in fee out of said tract.

The appellee, Beatrice Bond Boatright, in her own right and as the widow of her deceased husband and as administratrix of his estate, filed the bill to have the administration of the estate transferred from the County Court to the Chancery Court and to be administered as an insolvent estate, and to have dower in kind allotted to

her, waiving homestead in that event; or, in the alternative for homestead and dower.

The surviving children of her deceased husband demurred to the bill only insofar as she claimed dower in kind to be set aside to her, on the ground that she is entitled only to dower in the surplus funds, if any, remaining after the land is sold and trust deeds against the land are satisfied. The Chancellor overruled this demurrer and granted a discretionary appeal. The matter has been ably briefed and argued and we now have the question for determination.

Insofar as here necessary the bill alleges that her husband died the owner of a tract of land containing 92.9 acres, intestate, leaving surviving him the appellee and two daughters, the appellants, as his only heirs at law. The tract of land was encumbered by a deed of trust to secure an indebtedness to the Federal Government which was executed by the deceased and a former wife and by a second deed of trust which was executed by the complainant and the children of the deceased. These two mortgages equal about one-half the value of the land. The widow asked and averred that she was entitled to have dower in kind allotted to her "subject to these secured debts or subject to the entire amount of the first mortgage, and probably as between her and the two daughters, one-third of the amount of the second mortgage." She also alleged that she was willing to assume the payment of the mortgage indebtedness upon there being set aside to her an additional amount of acreage equivalent in value to the amount of the secured debts and of course she claimed that under the law she was

not to be charged with the value of the improvements on the part of the land assigned to her.

By the demurrer the appellants very clearly set forth the proposition that the widow is only endowable in any surplus that may arise from the sale of the lands under the deed of trust after the lands are sold for this secured indebtedness and that she is not entitled to dower in kind because the prior deed of trust was executed by her husband and his then wife and the second one was executed by her and the heirs of her husband.

The insistence of the widow is that under Section 31-601 T.C.A., she is entitled to have her dower set aside to her in kind when the land is divisible in kind. This section reads:

"Dower in legal and equitable estate.—If any person die intestate, leaving a widow, she shall be entitled to a dower in one-third (⅓) part of all the lands of which her husband died seized and possessed, or of which he was at death equitable owner."

The following Section 31-602, T.C.A., is likewise in point here and relied upon by the appellant. It reads:

"She shall also be entitled to dower in lands by the husband mortgaged or conveyed in trust to secure debts, after marriage, when the husband dies before foreclosure of the mortgage, or sale under the deed of trust."

The time of the marriage, whether before or after the execution of the deed of trust, is the controlling factor by virtue of Section 31-602, T.C.A., whereas under Section 31-601, T.C.A., the time of marriage is immate-

rial, the test being, did the husband die seized and possessed of an equitable estate in the land.

It is conceded that the widow's right to dower is subordinate to the two mortgages on the land. This concession though does not mean that she concedes the land may be sold and the widow's dower set aside to her out of the surplus without her consent. In the instant case the land has not been sold and, according to the allegations of the bill which is here on demurrer, is of sufficient value to satisfy the encumbrances, to set aside the dower for the widow in kind and to pay unsecured creditors, with a balance left for the heirs of the deceased. There is nothing in the allegations of the bill to show the dower cannot be set aside in kind.

By re-reading the above two Code Sections (quoted herein) it will at once appear to the reader that the question to be determined here is what construction is to be put on the language as used therein by the Legislature "of which he was equitable owner". Then of course follows the plain mandate of the second statute where it says that she is entitled to dower in this property which was not foreclosed before he died. This Court, and all others insofar as we can find, has distinctly held and determined that the legislative intent in all of these enactments is to provide a home for the widow and some acreage with it for her support and maintenance. This Court in *Vincent v. Vincent,* 48 Tenn. 333, said:

> "The leading object of the statute (referring to what is now 31-604, T.C.A.) is to give her (the widow) the mansion house and buildings, or such part thereof

as will afford her a decent residence, due regard being had to her condition and past manner of life.''

■ ■ This case was approved by this Court in the opinion by the late Chief Justice Green in *Whitehead v. Brownsville Bank,* 166 Tenn. 249, 61 S.W.2d 975. It is approved in several opinions of the Court of Appeals and particularly in, In *re Moore's Estate,* 34 Tenn. App. 131, 234 S.W.2d 847, and other cases cited in these cases. In reading the various cases on the allotment of dower to a widow one immediately reaches the conclusion, as was said in *McCulley v. Hardeman,* 143 Tenn. 1, 223 S.W. 146, 148:

" 'dower is a legal, equitable, and moral right favored in high degree by law and next to life and liberty held sacred.' ''

Statutes in derogation of a widow's common law right of dower must be construed so as to protect that right. In other words the statutes must be liberally construed in favor of dower. *McCulley v. Hardeman, supra.*

It seems to us that if we were to construe these Code Sections as limiting the right of the widow to dower in any surplus that might arise from the sale of encumbered lands would contravene the clear legislative intent of the sections. Such a construction would in many if not all instances fail to provide the widow with anything approaching adequate support. She would receive either the interest on a small sum of money allowed her as dower which of course under modern conditions is a small thing, or if she got a sum in cash this would soon be gone. Clearly it was not the intent of the Legislature for such a catastrophe to happen to the widow who pre-

sumptively is left with the household and as the head of the family to look after the children and herself. This has been provided by the husband and father to some extent through dower and homestead.

In support of the insistence that the dower interest may be sold, it is said that a husband's residence might be worth, say $50,000, and yet not be so situated that a portion thereof will furnish the widow a reasonable residence. This argument has been answered by the Court of Appeals in *Wilhite v. Farley,* 15 Tenn. App. 317, certiorari denied by this Court on January 7, 1933.

"The Chancellor's view in this case that the claim of the widow to one-third in value of the land including the mansion house without deduction, is 'monstrous' is not wanting in our appreciation, but we are constrained by the statutory law. It is so well settled as to require no citation that the widow's dower is superior to the rights of unsecured creditors of her husband, and the statutes make no exception in favor of the creditors where the mansion house and other improvements constitute the bulk of the real estate."

The appellants rely strongly on *Boyer v. Boyer,* 41 Tenn. 12. This case though on its very face is not in point. The facts of that case were that a deceased husband had executed a mortgage or trust deed prior to marriage and then he married and died. The widow filed a claim for dower in lands against the purchaser at the foreclosure sale under the deed of trust which sale was held after the death of the husband. The Court though in the third paragraph of the opinion says:

"Under these facts, has she a right to dower as against Bradley?

"She certainly has not, unless her case is embraced in the act of 1855-6, Code sec. 2399; (Now Section 31-602, T.C.A.) for before that, our decisions clearly excluded her right. We understand the latter to contain in a condensed form the substance of the provisions of the former. This act changes the previous law so as to give a widow dower in lands 'mortgaged or conveyed in trust to pay debts' where the 'husband' dies before foreclosure or sale."

Other cases are cited and relied upon but as we read them each is easily distinguishable from the facts of the instant case.

■■ Since the enactment of this Statute (Sec. 31-602, T.C.A.), a widow is entitled to dower in all lands mortgaged or conveyed by her husband to secure debts, when the mortgage has not been foreclosed, or a sale had under the trust deed during the lifetime of the husband. *Tarpley v. Gannaway*, 42 Tenn. 246; *Perkins v. McDonald*, 62 Tenn. 343; *Atwater v. Butler*, 68 Tenn. 299; *Hudson v. Conway*, 77 Tenn. 410, and under these cases as we read them, her dower will not be postponed and she forced to share in the surplus after the sale.

The Court of Appeals (Middle Section) in 1927 in the case of *Mabry v. Mabry*, 5 Tenn. App. 307, (no petition for certiorari was applied for) held in a case where there was a 75-acre farm which was under mortgage that the widow would be allowed to assume the payment of the mortgage debt and have allotted a sufficient additional acreage to equal the payments made thereon. Of course

this case is not binding on us and has never been approved by us insofar as we know but it is a sound proposition and insofar as this feature of the case is concerned we now expressly approve that holding.

Of course these conclusions rest on the averments in the bill that the property can be divided in kind and of the clear inferences that the parties lived on the property. The determination of whether or not this property can be divided in kind rests first, with the commissioners appointed upon application of this widow to allot and set apart to her dower. Section 30-906, T.C.A. Assuming that this can be done this widow is entitled to one-third of the acreage as dower after deducting a sufficient number of acres equivalent in value to the amount of the encumbrances.

For the reasons hereinabove expressed the decree of the Chancellor is affirmed.